18497. BRANDON *v.* THE STATE.

BROYLES, C. J. 1. Penal statutes must be strictly construed. Section 319 of the Penal Code of 1910, making it an offense for any person convicted of a misdemeanor to escape from a chain-gang or other place of imprisonment, refers only to persons convicted in State courts and not to those convicted in the Federal courts who may be imprisoned, under the authority of United States officials, in State jails. This is true notwithstanding the provision of section 1152 of the Penal Code of 1910 that if the keeper of a county jail receive as a prisoner a person convicted in a Federal court "it shall be under like penalties and subject to the same action as in the case of prisoners committed under the authority of the State." Section 1152 was codified from the act of the General Assembly approved November 12, 1889 (Ga. L. 1889, p. 47), and the last clause thereof refers solely to the duties and responsibilities of the keeper of a county jail in safely keeping and humanely treating such United States prisoners as may be received by him.

2. Under the above-stated rulings and the facts in the instant case the court erred in overruling the general demurrer to the accusation.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 13, 1927.

Escape; from city court of Savannah—Judge Freeman. September 9, 1927.

The indictment was for the escape of the defendant from the common jail of Chatham county while confined under a sentence of the United States district court for an offense below the grade of a felony, to wit a violation of the national prohibition act.

*Ernest J. Haar, W. H. Bedgood, Sheppard & Dukes,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general, Julian Hartridge,* contra.

---

Escape, 21 C. J. p. 835, n. 6; p. 839, n. 19.
Statutes, 36 Cyc. p. 1183, n. 46.