## 30464. PETTIFORD v. THE STATE.

JORDAN, Justice.

The appellant was convicted of armed robbery and sentenced to six years in the penitentiary.

The record shows that the appellant was represented by employed counsel in the trial court and that the same attorney was employed by the appellant to file an appeal. The notice of appeal was timely filed on July 15, 1975, and the case docketed in this court on September 19, 1975. No timely enumeration of error was filed and this court issued its order on October 9, 1975, directing counsel to file same by October 15, 1975. As of this date counsel for appellant has not filed an enumeration of errors nor a brief.

Said counsel for appellant, Hilton S. Hutchinson Jr., is therefore held in contempt of this court and his name is ordered stricken from the roll of attorneys authorized to practice in this court.

As to merits of the appeal, we have carefully reviewed the transcript, including rulings made during the trial by the trial judge, and the trial court's charge to the jury. We find no error.

The evidence shows that the appellant walked into a poolroom armed with a stick and a pistol, ordered the victim out of the poolroom, struck him over the head with the stick, ordered him to surrender the keys to the truck, then entered and took from the truck a pistol belonging to the victim. The appellant testified that the victim had threatened him and that the pistol he used in connection

with the incident was only a cap pistol. This evidence amply authorized the verdict of the jury.

*Judgment affirmed. All the Justices concur, except Ingram, J., who dissents.*

SUBMITTED NOVEMBER 4, 1975 — DECIDED NOVEMBER 24, 1975.

*Hilton S. Hutchinson, Jr.,* for appellant.

*W. J. Forehand, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.

INGRAM, Justice, dissenting.

I dissent to the opinion of the court in this case because it applies a diluted standard of due process to the attorney who summarily has been held in contempt of this court and disbarred from practicing in the court. In doing so, I emphasize that my disagreement with the other Justices is not with the rule that permits this to be done because I would also apply the rule in an appropriate case.

What troubles me about the contempt and disbarment adjudication here is that this lawyer was never ordered to show cause why this severe action should not be taken and therefore was not given an opportunity to be heard before this judgment against him was rendered by the court.

It is true that an order was issued directing the lawyer to file an enumeration of errors in this case and none has been filed. However, we do not know why he has not complied with the order. He may have a justifiable reason, and, in any event, we ought to give him an opportunity to be heard *before* dropping the axe on him.

"In such a case, to oust him without notice and without a hearing is to deny him due process of law, and to withhold from him rights which have been vouchsafed to free men and which they have enjoyed almost for 'time whereof the memory of man runneth not to the contrary.'

"There is scarcely a right more ancient than that great principle that usually insures the giving of a notice of a charge against one, and with it an opportunity to be heard. Its very source is well nigh lost in antiquity. It will be remembered that even the Almighty himself, although

His wisdom is inscrutable and all His judgments just, did not pass sentence upon Adam until He had first heard the charge against him and he was given an opportunity to make his defense. 'Adam, where art thou? Hast thou eaten of the tree whereof I commanded thee that thou shouldest not eat? And the same question was put also to Eve.' *Flint River Steamboat Co. v. Foster,* 5 Ga. 194, 202 (48 AD 248)." *Walton v. Davis,* 188 Ga. 56, 63 (2 SE2d 603) (1939).

It could be said, in answer to my position, that if this lawyer has some justifiable reason why he should not be held in contempt and disbarred from practice before this court he can always file a motion for rehearing and assert his reasons why the majority opinion is wrong. This is no answer at all to my mind because the lawyer then comes to bat with two strikes against him. Years of practice before this court and service on it convince me that it is very difficult to change the announced result of a majority of this court in a motion for rehearing. It happens, but it is the exception and not the rule. In addition to this reason, suppose the lawyer is sick or disabled or for some other good reason unknown to the court, he cannot file a motion for rehearing. In that event, he must suffer forever the publication of this opinion, carrying his name in the official reports as being in contempt and of having been disbarred from practicing here. This is too harsh for me to accept without having a hearing as I believe the essence of due process is fairness and that this lawyer has not received it in this case.