## 57340. SIMMONS v. THE STATE.

BIRDSONG, Judge.

The defendant has appealed his conviction for armed robbery by use of an offensive weapon and aggravated assault with a deadly weapon. *Held:*

1. The indictment was returned during the July, 1977 term of the Laurens County Superior Court. During the same term defendant filed a demand for trial. Defendant was not tried during either the July or October term and both terms were terminated by operation of law. A jury was impaneled for the trial of criminal cases during the indictment term and the succeeding October term.

Defendant was tried during the January, 1978 term. Prior to trial his motion for acquittal under Code § 27-1901 was denied. The denial was correct. While Code § 27-1901 entitles one to an acquittal for the failure to bring him to trial within two terms, this Code section does not apply as defendant had been indicted for armed robbery, which by statute is still a capital felony. See Code § 26-1902; *Turner v. State,* 136 Ga. App. 42, 43 (220 SE2d 57). The provisions of Code § 27-1901.2 pertaining to "capital punishment" control this issue in this case. Code § 27-1901.2 provides that a defendant is entitled to be

discharged after he makes a demand for trial and where no trial is had after more than two terms of court have been convened and adjourned "after the term at which the demand is filed. . ." Defendant contends that armed robbery is no longer a capital crime in Georgia and therefore, the non-capital provisions of Code § 27-1901 applies. The latter statute, if applicable under these facts, would have required his discharge. However, the armed robbery statute authorizes the death penalty as a punishment on conviction of that crime. Code § 26-1902.

The Supreme Court held in *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) that conviction for armed robbery standing alone will not authorize the incorporation of the death penalty. In *Collins v. State,* 239 Ga. 400 (236 SE2d 759), it was held that for *appellate jurisdictional purposes* armed robbery was no longer a capital felony. Notwithstanding these decisions, armed robbery is still considered a capital offense under the aggravating circumstances provision of Code Ann. § 27-2534.1(b)(2). *Peek v. State,* 239 Ga. 422, 431 (238 SE2d 12). Applying the *Peek* holding here we similarly hold that armed robbery is a capital offense within the purview of Code § 27-1901.2.

2. The state, by its evidence established that on May 31, 1977, at approximately 12:35 p.m. the alleged victim of these crimes saw defendant at her office. Defendant left but returned in three or four minutes. He then struck the victim on her head with a beer bottle, took $25 out of her desk drawer, and fled. The victim suffered facial cuts and a "knot" on her head as a result of the blow with the beer bottle. Defendant's evidence consisted solely of evidence contained in an official record of the Laurens County Jail which reflected that he was incarcerated from 10:10 a.m. on March 21, 1977, until 2:25 p.m. on May 31, 1977. In rebuttal, the state showed by testimony of witnesses that defendant was taken from the Laurens County Jail prior to noon on May 31, 1977, for an appearance in another case; that defendant as a result of his court appearance was released and did not return to the jail; that defendant left an automobile in which he was riding at a point approximately four blocks from the scene of the robbery and assault. Another state witness testified in rebuttal

that he informed a deputy sheriff at the county jail after 2 p.m. on May 31, 1977, of defendant's release from jail. The entry in the jail record that defendant was released at 2:25 p.m. was based on this report. This evidence authorized the conviction of both crimes charged. A beer bottle used in the manner shown would authorize a jury to find that it was both an offensive weapon and a deadly weapon. *Pettiford v. State,* 235 Ga. 622 (221 SE2d 43) and *Quarles v. State,* 130 Ga. App. 756 (204 SE2d 467).

The denial of his motion for directed verdict of acquittal was correct. Similarly, the court's charge to the jury on the elements of these crimes was likewise authorized and required and free of error.

3. The defendant made a written request for a charge on alibi and it was refused. A charge on alibi is warranted when there is evidence which reasonably excludes the possibility of the defendant's presence at the time of the commission of the offense. Code § 38-122. Defendant contended that a charge on this defense was warranted based on the evidence contained in the jail record that he was in jail at the time the offenses were committed and the testimony that he was four blocks away from the scene of the crime at 12:30 p.m. When the jail record and the four-block distance is considered with the state's rebuttal evidence in explanation, the evidence offered by appellant does not exclude the possibility of the appellant's presence with respect to the time and place of the offense. Under such circumstances, there was no error in failing to charge on the law of alibi. *Silvey v. State,* 142 Ga. App. 699, 701 (3) (236 SE2d 869); *Bennett v. State,* 128 Ga. App. 260 (196 SE2d 413).

4. During closing argument, the district attorney stated "[the defendant did not] say anything to get out of this robbery by snatching." A motion for mistrial was made on the ground that this constituted an impermissible comment on the defendant's failure to testify and constituted a personal opinion of the prosecutor. The motion was denied. The court instructed the jury not to consider the remark. While the statement was erroneous and unwarranted, the denial of the motion was not an abuse of discretion in view of the court's immediate instruction to the jury to disregard the

remark. *Campbell v. State,* 143 Ga. App. 445 (238 SE2d 576). Moreover, it is not error for the prosecutor to reflect upon the failure of the defense to present any evidence to rebut the proof adduced by the state. *Floyd v. State,* 135 Ga. App. 217, 220 (217 SE2d 452).

5. The court refused to charge on written request that simple battery was a lesser included offense of the aggravated assault with a deadly weapon count of the indictment. Defendant contended at trial that the beer bottle was not a deadly weapon. This was error for if the jury did find that a beer bottle was not a deadly weapon, simple battery was an alternative verdict under the evidence. However, the error was harmless under the charge as given. The trial court when instructing on the greater crime of aggravated assault charged the jury that if it could not find that the beer bottle was a deadly weapon, defendant may not be found guilty of this charge "even though they [sic] have in fact assaulted the prosecuting witness." This was more favorable to defendant than the charge requested on the lesser offense of simple battery as an alternative verdict. The charge as given in effect instructed the jury to acquit if it found that the beer bottle was not a deadly weapon. Under the highly probable test for harmful error, we cannot hold that it was highly probable that this instructional error contributed to the guilty verdict. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869).

6. The court's charge to the jury on the issue of whether the beer bottle was a deadly weapon was adequate and correct and therefore free from error. Therefore, the failure of the trial court to charge defendant's requested charge on the definition of a deadly weapon was not error as it is not error to fail to charge in the language requested. *Kelly v. State,* 241 Ga. 190 (243 SE2d 857).

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 13, 1979 — REHEARING DENIED MAY 8, 1979 —

H. G. Bozeman, for appellant.
B. B. Hayes, Jr., District Attorney, for appellee.