59504. FANN v. THE STATE.

BANKE, Judge.

This appeal is from appellant's conviction of armed robbery by use of an offensive weapon. The evidence presented by the state established that the weapon used in the robbery was a starter's pistol designed for and capable of producing a noise but incapable of firing a missile of any kind. It was described by a detective testifying for the state as being "quite harmless."

Appellant moved for a directed verdict contending that the weapon as used was not "offensive" within the meaning of Code Ann. § 26-1902. He concedes on appeal, as he did during his motion below, that the evidence was sufficient to convict for the offense of robbery by intimidation. See Code Ann. § 26-1901. The starter's pistol

was pointed at the victim but was not used in a fashion indicating an intent to strike her. Appellant's sole enumeration of error is the trial court's denial of his motion for a directed verdict. *Held:*

The trial court instructed the jury that "[w]hile an offensive weapon might ordinarily be considered to be a weapon which if used in its usual, customary manner is likely to produce death or bodily harm, the term as used in our statute would be synonymous with dangerous as well as deadly." Support for this definition is found in the committee notes accompanying the codification of the present statute. See Code Ann., Title 26, pp. 271, 272. However, the evidence before the court unequivocally establishes that the starter's pistol, as it was used, was neither dangerous, deadly, nor offensive. In fact, by definition, it was not a weapon, per se, which is defined by Webster's as "[a]n instrument of offensive or defensive combat; something to fight with; anything used, or designed to be used, in destroying, defeating, or injuring an enemy, as a gun, a sword, a shield, etc." Webster's New International Dictionary of the English Language, 2d Ed., 1961.

Formerly robbery was defined by Ga. L. 1957, p. 261, which divided the offense into four different sub-categories, i.e., robbery by force, robbery by use of an offensive weapon, robbery by intimidation, and robbery by sudden snatching. Section 1 of the Act provided that "[t]he use of or offer to use an offensive weapon, or a weapon likely to produce death when used in its usual and customary manner, *or any replica, article or device having the appearance of such weapon,* in the taking of personal property from another, shall constitute robbery by use of an offensive weapon." (Emphasis supplied.) In the 1968 revision of the Criminal Code, the language quoted above dealing with the use of a replica or a device having the appearance of a weapon was omitted. Subsequent amendments did not restore the language. (See Ga. L. 1968, pp. 1249, 1298; 1969, p. 810; 1976, p. 1359.) For this reason, earlier decisions construing the predecessor statute concerning cap pistols and the like are no longer applicable. In *Pettiford v. State,* 235 Ga. 622 (221 SE2d 43) (1975), the defendant was convicted of armed robbery even

though he testified that the pistol he used was a cap pistol; however, in that case the evidence also showed that the defendant struck the victim over the head with a stick. Thus, the decision did not reach the issue before us now.

We conclude that the starter's pistol as used by the defendant in this case was not an offensive weapon. In State v. Lucke, 322 NE2d 354 (Ohio App., 1974), the Ohio Supreme Court considered facts identical to those presented here and reached an identical conclusion. This result is mandated by the principle that criminal statutes are to be strictly construed. See *Brandon v. State,* 37 Ga. App. 495 (141 SE 63) (1927).

We do not hold that a starter's pistol could not under other circumstances be used in an offensive, deadly, or dangerous way. However, there is no evidence to indicate such a use in this case. Denial of appellant's motion for a directed verdict as to the charge of armed robbery was accordingly error. Since the evidence was adequate to support his conviction of robbery by intimidation, the conviction for armed robbery is vacated, and the case is remanded with direction that a conviction and sentence be entered for robbery by intimidation.

*Vacated and remanded. McMurray, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 5, 1980 — DECIDED FEBRUARY 27, 1980.

*Charles A. Aultman,* for appellant.
*Stephen Pace, Jr., District Attorney,* for appellee.