## 61302. CHOATE v. THE STATE.

BANKE, Judge.
The appellant was convicted of armed robbery by use of an offensive weapon. The only issue presented on appeal is the trial court's determination, and his charge to the jury, that a toy gun is an offensive weapon within the meaning of Code Ann. § 26-1902. *Held:*

It is uncontroverted that the robbery was committed with a toy cap pistol. The state introduced the cap pistol in evidence, along with evidence showing that it had been found in the appellant's car shortly after the robbery. In pretrial statements to police, the appellant referred to the "toy gun" he had used in the robbery. The bank teller testified that the toy pistol introduced into evidence had the appearance of the one used in the robbery. There was no evidence which would have authorized a conclusion that the toy pistol, though not a firearm, nevertheless constituted a dangerous weapon because of the manner in which it was employed. The appellant was seated in her car when she pointed the pistol at the teller, and the teller was seated in an enclosed booth.

Both in its brief and in argument before this court, the state has asserted that the Supreme Court's decision in *Pettiford v. State,* 235 Ga. 622 (221 SE2d 43) (1975), classified a toy pistol as an "offensive weapon" within the meaning of Code Ann. § 26-1902 and that our decision in *Fann v. State,* 153 Ga. App. 634 (266 SE2d 307) (1980) to the contrary is in conflict with this precedent. We cannot agree. In *Pettiford* the evidence showed that the appellant was also armed with a stick and that he struck the victim on the head with it. Additionally, although the appellant *testified* that the pistol he used in connection with the incident was only a cap pistol, the evidence did not demand such a conclusion, as it does here and as it did in *Fann.*

For the reasons set forth in *Fann,* supra, the appellant's conviction for armed robbery is vacated. Since the evidence was adequate to support appellant's conviction of robbery by intimidation, the case is remanded with direction that a conviction and sentence be entered for that offense.

*Vacated and remanded. Quillian, C. J., Birdsong and Sognier, JJ., concur. McMurray, P. J., Shulman, P. J., Carley and Pope, JJ.,*

*concur specially. Deen, P. J., dissents.*

DECIDED MARCH 13, 1981 —

*Jerry F. Lee,* for appellant.

*Johnnie Caldwell, Jr., District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.

CARLEY, Judge, concurring specially.

I concur with the result reached by the majority and I agree with the reasoning set forth in the majority opinion. However, initially, I am constrained to state that I am in total sympathy with the purposes and objectives underlying Presiding Judge Deen's dissenting opinion because I cannot help but believe that to the victim of a robbery, a replica of a weapon having the appearance of the genuine article is just as "offensive" as would be a functional gun. Prior to 1968, the General Assembly also apparently agreed with this analysis. See Ga. L. 1957, p. 261. Nevertheless, our function is one of judicial interpretation of the statutes enacted by the legislature and it is not within our power to rewrite the acts of the General Assembly in a manner which we think would be more prudent. The criteria by which the judiciary must be guided in construing statutes is that "[i]n all interpretations, the courts shall look diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy . . ." Code Ann. § 102-102 (9).

It is true that for the interpretation of Georgia statutes, unlike the enactments of the U. S. Congress, there is not always available a complete "legislative history" whereby a full and comprehensive day-by-day analysis may be reviewed in order to ascertain the underlying purposes and objectives of legislation. Nevertheless, my review of the "legislative history" of Code Ann. § 26-1902 that *is* available indicates that—whatever the motivating reason may have been — the General Assembly as a body intentionally rather than inadvertently effected a change in the preexisting law with respect to the use of an "offensive weapon" in armed robbery. When the bill to establish the 1968 Criminal Code (House Bill 5) was adopted by the House of Representatives, Code § 26-1902 read as follows: "A person commits armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by the use of an offensive weapon *or a replica, article, or device having the appearance of such a weapon.* A person convicted of armed robbery shall be punished by death or by imprisonment for life, or by imprisonment for not less than one nor more than 20

years." (Emphasis supplied.) Ga. House Journal Reg. Session 1968, pp. 63-64, and pp. 171—179. However, in the Senate the bill was amended so as to change § 26-1902 as follows: "in the first sentence, place a period after the words 'offensive weapon' and strike the remainder of that sentence." Ga. Senate Journal Reg. Session 1968, pp. 2008, 2018. The House of Representatives agreed to all of the Senate amendments including the revision to Code § 26-1902. Ga. House Journal Reg. Session 1968, pp. 3293—3307. Taking into consideration this analysis of the journey of House Bill 5 through the two houses of our General Assembly until it was enacted as Ga. L. 1968, pp. 1249, 1298, I feel that we have looked "diligently for the intention of the General Assembly, keeping in view, at all times, the old law, the evil, and the remedy," and that we have no alternative but to conclude that the legislature intended that the term "offensive weapon" in the armed robbery context should not be applied to a toy gun. If, as the dissent so logically implies, the "evil" is not in the "old law" but in the new, the power to *remedy* the 1968 "remedy" is vested only in the General Assembly.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Shulman and Judge Pope join in this special concurrence.

DEEN, Presiding Judge, dissenting.

In 1968 the General Assembly in the revision of the Criminal Code omitted the words "or any replica, article or device having the appearance of such weapon," relating to robbery by use of an offensive weapon. See Ga. Laws 1968, pp. 1249 and 1298. Subsequent to this date the Supreme Court in *Pettiford v. State,* 235 Ga. 622 (221 SE2d 43) (1975) upheld a conviction wherein the defendant was armed with a stick and a cap pistol. It is the opinion of the writer that the Supreme Court was upholding the ruling in *Watts v. State,* 142 Ga. App. 857, 859 (237 SE2d 231) (1977), using the following language: "[I]f it reasonably *appeared to the victim to be deadly,* then the appellant should be held to the consequences of using a 'deadly weapon.' " (Emphasis supplied.)

In the case of *Fann v. State,* 153 Ga. App. 634 (266 SE2d 307) (1980), a conviction of armed robbery by use of an offensive weapon was reversed, as a "weapon used in the robbery was a starter's pistol designed for and capable of producing a noise but incapable of firing a missile of any kind. It was described by a detective testifying for the state as being 'quite harmless.' " In my opinion, the latter case is in conflict with and must yield to the holding in *Pettiford,* supra, and to the extent of this conflict should be disapproved.

In the case sub judice evidence was presented that appellant

gave a note to the victim stating: "I have a gun. Don't make a sound." The victim testified that she saw the barrel of a pistol pointed at her by appellant. The victim appeared to be scared and delivered the money, as it appeared to her that the pistol was a deadly weapon and not a toy or cap pistol.

I respectfully dissent.