## 62140. MEMINGER v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for armed robbery by the use of an offensive weapon. *Held:*

1. In two enumerations defendant asserts error because two state's witnesses testified that the testimony of Walker, a co-defendant (who was not tried with defendant), was the same as his pretrial statement, over objection that the state was bolstering the testimony of Walker by the use of prior consistent statements.

There is no merit in these enumerations for two reasons.

Prior to the alleged bolstering testimony, the consistency of Walker's testimony with his pretrial statement was mentioned by Walker's counsel in colloquy with the court in the presence of the jury. Walker also testified that his testimony was the same as his pretrial statement to police. No objection was made in either instance. "The admission of such testimony was not error, however, since substantially the same testimony was admitted without objection. [Cit.]" *Kent v. State,* 128 Ga. App. 132 (2), 135 (195 SE2d 770).

During cross-examination defense counsel imputed to Walker an intent to fabricate his testimony. " 'Ordinarily prior extrajudicial statements consistent with a witness' testimony are inadmissible. [Cits.] But where counsel imputes to the witness an intent to fabricate from some motive, interest or relationship, it may be shown that the witness made a consistent statement at a time when the motive or interest did not exist. [Cits.]' " *Mullins v. State,* 147 Ga. App. 337 (7), 338 (248 SE2d 706).

2. It is claimed that the state failed to prove the use of an offensive weapon which was alleged to be a liquor bottle. There was evidence that the defendant struck the victim in the head with a bottle of liquor.

Defendant's argument that an offensive weapon can be only a means likely to produce death when used in its usual and customary manner has no merit.

The term offensive weapon as used in Code Ann. § 26-1902 (Ga. L. 1968, pp., 1249, 1298; through 1976, p. 1359) includes not only weapons which are offensive per se (such as firearms loaded with live ammunition), but also other instrumentalities not normally considered to be offensive weapons per se which may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of their use.

An offensive weapon is "a weapon primarily meant and adapted for attack and infliction of injury, but practically the term includes

anything that would come within the description of a 'deadly' or 'dangerous' weapon." Black's Law Dictionary, 4th Ed., p. 1233.

"We recognize that fists per se are not a deadly weapon within the meaning of § 26-1302 of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1280). Nevertheless, they may be found to be a deadly weapon by the jury depending on the manner and means of their use, the wounds inflicted, etc. [Cits.] . . . [W]hether the instrument used constitutes a deadly weapon is properly for the jury's determination." *Quarles v. State,* 130 Ga. App. 756 (2), 757 (204 SE2d 467).

In *Pettiford v. State,* 235 Ga. 622 (2) (221 SE2d 43), a verdict of guilty of armed robbery was found to be authorized on evidence that the defendant was armed with a stick and a pistol (which the defendant testified was a cap pistol) and the defendant struck the victim over the head with the stick. This court has since held that toy pistols or those not capable of firing a projectile are not offensive weapons per se. *Fann v. State,* 153 Ga. App. 634 (266 SE2d 307); *Choate v. State,* 158 Ga. App. 8 (279 SE2d 459).

In *Simmons v. State,* 149 Ga. App. 830 (2) (256 SE2d 79), a defendant was convicted of armed robbery by the use of an offensive weapon and aggravated assault with a deadly weapon on evidence that he struck the victim in the head with a beer bottle and took money from her desk. "This evidence authorized the conviction of both crimes charged. A beer bottle used in the manner shown would authorize a jury to find that it was both an offensive weapon and a deadly weapon. *Pettiford v. State,* 235 Ga. 622 (221 SE2d 43) and *Quarles v. State,* 130 Ga. App. 756 (204 SE2d 467)." Id at 832.

Here we also find that the evidence of striking the victim in the head with a bottle of liquor followed by the taking of her money was sufficient to authorize a rational jury to find the defendant guilty beyond a reasonable doubt.

3. The trial court did not explain or define the term "offensive weapon" in its charge to the jury, which omission is alleged as error.

"In the absence of request, the court's failure to define the meaning of terms used in the charge is not ordinarily ground for reversal. [Cits.]" *Dix v. State,* 238 Ga. 209 (5), 215 (232 SE2d 47).

The term "offensive weapon" is not one that requires definition absent a request and the trial court did not err in omitting to define it.

4. The trial court did not err in failing to give a charge on the defense of alibi, which was in issue, because the jury was charged on defendant's identity, which was also in issue.

"Both this court and the Supreme Court have consistently held that where alibi is the sole defense of the accused, the failure of the trial court to charge on the defense of alibi, even in the absence of a request, is reversible error where there is some evidence to support it.

[Cits.] Where the defense of alibi and the question of personal identity are virtually the same defense, it is not error to fail to instruct separately on alibi if the law of identification is given. [Cit.]" *Henderson v. State,* 148 Ga. App. 659, 661 (252 SE2d 83).

5. The district attorney made an alleged improper argument which defendant objected to on the ground that he was trying to put a juror in the place of the victim. The trial court instructed the jury on the purpose of argument and overruled the objection. The defendant did not ask that the alleged improper argument be instructed out or that the prosecutor be rebuked and did not move for a mistrial when his objection was overruled.

" 'A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury.' [Cits.]" *Carroll v. State,* 147 Ga. App. 332 (7), 335 (248 SE2d 702).

6. Defendant objected to state's witnesses testifying as to the contents of scientific reports because the state had not complied with Code Ann. § 27-1303 (Ga. L. 1980, p. 1388) by furnishing the defense copies of the reports at least 10 days prior to trial after proper request.

The trial court erred in overruling the objections. Code Ann. § 27-1303 was enacted simultaneously with and is similar in effect to Code Ann. § 27-1302 (Ga. L. 1980, p. 1388), which excludes from evidence a defendant's pretrial statements if they are not supplied to the defense at least 10 days prior to trial after appropriate request. This court has decided in *Garner v. State,* 159 Ga. App. 244 (282 SE2d 909), that if the statutory 10 days of Code Ann. § 27-1302 is not complied with, evidence of defendant's pretrial statements must be excluded. Such reasoning is equally applicable to Code Ann. § 27-1303 and the testimony based upon the scientific reports was improperly received in evidence.

The scientific reports in question pertained to the analysis of certain hair and blood specimens taken from the defendant's clothing which bore on his identification as the perpetrator of the robbery. Even though there is other evidence of guilt we can not say as a matter of law that the defendant was not prejudiced by the improper admission of this evidence. While the author and Presiding Judge McMurray dissented in *Garner v. State,* 159 Ga. App. 244, supra, we are now bound by the majority opinion in that case. Therefore, the judgment of the trial court is reversed and remanded with direction that testimony and evidence arising from the scientific reports be excluded and suppressed from any retrial of this case unless and until the district attorney has fully complied with the provisions of Code

Ann. § 27-1303, supra. *Tanner v. State,* 160 Ga. App. 266.

*Judgment reversed and case remanded with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 4, 1981 —
REHEARING DENIED NOVEMBER 30, 1981 — 

*Peter Fred Larsen, Ralph M. Walke,* for appellant.

*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.