## A89A0220. VICKS v. THE STATE.
(377 SE2d 863)

BANKE, Presiding Judge.

The appellant was convicted of armed robbery, based on an in-

dictment charging that he had taken money from a gas station attendant "by use of a flare, the same having the appearance of an offensive weapon." He contends on appeal that there was no evidence from which the jury could have determined that he had used the flare in such a manner as to give it the appearance of an offensive weapon, with the result that the trial court erred in denying his motion for directed verdict.

One of the victim's co-workers at the gas station testified that the appellant initially had the flare under his arm but put it in his hand when the victim hesitated before giving him the money. The victim described the object as a "homemade blackjack" and responded in the affirmative when asked whether it looked like something which could have caused her bodily injury. However, she acknowledged on cross-examination that she would have given the appellant the money even if he had not had any object in his hand. *Held*:

"A person commits the offense of armed robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). "The term offensive weapon as used in [OCGA § 16-8-41 (a)] includes not only weapons which are offensive per se (such as firearms loaded with live ammunition), but also other instrumentalities not normally considered to be offensive weapons per se which may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of their use. An offensive weapon is 'a weapon primarily meant and adapted for attack and infliction of injury, but practically the term includes anything that would come within the description of a "deadly" or "dangerous" weapon.' Black's Law Dictionary, 4th ed., p. 1233." *Meminger v. State*, 160 Ga. App. 509, 510 (287 SE2d 296) (1981), rev'd on other grounds, 249 Ga. 561 (292 SE2d 681) (1982).

Examples of normally non-offensive non-deadly objects which have been used in such a manner as to support convictions of armed robbery or aggravated assault are: a beer bottle, *Simmons v. State*, 149 Ga. App. 830 (2) (256 SE2d 79) (1979); a ceramic statue, *Banks v. State*, 169 Ga. App. 571 (314 SE2d 235) (1984); a pocketknife, *Hambrick v. State*, 174 Ga. App. 444 (1) (330 SE2d 383) (1985); fists, *Quarles v. State*, 130 Ga. App. 756 (204 SE2d 467) (1974); and even a pillow and sheets, *Eady v. State*, 182 Ga. App. 293, 295 (355 SE2d 778) (1987).

Based on the evidence introduced at the trial of this case, a rational trier of fact could reasonably have concluded beyond a reasonable doubt that during the course of the robbery the appellant had utilized the flare in such a manner as to give it the appearance, at least, of an offensive weapon. Under such circumstances, it does not

inure to the appellant's benefit that the victim would have given him the money even had he not been holding the object in his hand; and the trial court consequently did not err in denying his motion for a directed verdict.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 18, 1989.

*Robert L. Ferguson*, for appellant.

*Robert E. Keller, District Attorney, Albert Collier, Assistant District Attorney*, for appellee.