### A97A1709. WRIGHT v. THE STATE.
(492 SE2d 680)

BLACKBURN, Judge.

Jimmie Lee Wright appeals his convictions of armed robbery and aggravated assault, contesting the sufficiency of the evidence. He also contends that a photographic lineup was impermissibly suggestive and that the court erred in failing to charge on a lesser included offense. For the reasons discussed below, we reverse the conviction for armed robbery but affirm the conviction for aggravated assault.

1. Wright contends that the court erred in denying his motion for directed verdict of acquittal on the armed robbery charge. "The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. Under that standard we view the evidence in the light most favorable to the jury's verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citations, punctuation and emphasis omitted.) *Noble v. State*, 225 Ga. App. 470 (484 SE2d 78) (1997).

Viewed in the light most favorable to the verdict, the evidence showed that Wright entered a convenience store, jumped over the counter, and attacked the manager, Rose Marie Lane. He grabbed her by the hair, slammed her head on the floor, hit her in the face, and kicked her in the head. Wright took a roll of quarters from the ledge of a safe mounted in the counter.

"A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." OCGA § 16-8-41 (a). The undisputed evidence shows that Wright did not possess a weapon during the robbery. However, the indictment states, and the State contends, that Wright's hands and fists constituted an offensive weapon in the manner used.

The State does not cite, and we have not found, any authority for the proposition that hands and feet may be considered offensive weapons for purposes of OCGA § 16-8-41. We have held that hands and feet may be considered deadly weapons for purposes of OCGA § 16-5-21, the aggravated assault statute. See *Wright v. State*, 211 Ga. App. 474, 475 (1) (440 SE2d 27) (1993); *Haygood v. State*, 154 Ga. App. 633, 635 (4) (269 SE2d 480) (1980); *Kirby v. State*, 145 Ga. App.

813, 815 (4) (245 SE2d 43) (1978). However, the language of the aggravated assault statute is not the same as that of the armed robbery statute. OCGA § 16-5-21 (a) (2) provides that a person commits aggravated assault when he assaults "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Under this language, a person may properly be found to have committed aggravated assault where hands and feet are used in a manner which is likely to or actually does produce serious bodily injury.

The armed robbery statute, by contrast, expressly requires the use of an "offensive weapon." Although we have held that this term includes *"instrumentalities* not normally considered to be offensive weapons per se which may be found by a jury to be likely to produce death or great bodily injury depending on the manner and means of their use," we have never construed the statute to authorize a conviction for armed robbery where no weapon or instrument was used other than the defendant's own hands and feet. (Emphasis supplied.) *Meminger v. State*, 160 Ga. App. 509 (2) (287 SE2d 296) (1981) (liquor bottle may constitute offensive weapon), rev'd on other grounds, 249 Ga. 561 (292 SE2d 681) (1982); see also *Vicks v. State*, 189 Ga. App. 835 (377 SE2d 863) (1989) (flare may constitute offensive weapon).

Although statements in *Meminger* and *Vicks* imply that anything which constitutes a deadly weapon under the aggravated assault statute, including fists, may also constitute an offensive weapon under the armed robbery statute, such statements are dicta and not necessary to the decisions. We take this occasion to clarify that a defendant's hands and feet do not constitute offensive weapons for purposes of the armed robbery statute. This ruling comports with common sense and the clear intent of the statute, since a defendant who does not carry or imply that he is carrying some form of external weapon or instrument cannot in any realistic sense be said to be "armed." "The layman's phrase 'armed robbery' is not at all an inaccurate description of the offense." *People v. Dozie*, 36 Cal. Rptr. 728, 730 (3rd Dist. 1964).

Our decision is not incompatible with our holdings in aggravated assault cases, because the purposes of the two statutes are different. The purpose of the aggravated assault statute is to treat as a felony those assaults likely to result or actually resulting in serious bodily injury, whether through the use of an external weapon or the defendant's hands and feet. Compare OCGA § 16-5-20 (misdemeanor simple assault) with OCGA § 16-5-21 (felony aggravated assault). The purpose of the armed robbery statute, by contrast, is to punish more severely those defendants who use a weapon in the commission of a robbery, which would constitute a felony even in the absence of such

a weapon. Compare OCGA § 16-8-40 (felony robbery) with OCGA § 16-8-41 (felony armed robbery). Thus, the focus in an aggravated assault case is the likelihood or actual presence of serious bodily harm, while the focus in an armed robbery case is on the presence of a weapon.

Accordingly, as there was no evidence of the use of an offensive weapon in this case, Wright's conviction for armed robbery must be reversed.

2. Wright contends that his identification as the assailant was the result of an impermissibly suggestive photographic lineup, and that the court thus erred in denying his motion in limine to exclude identification testimony. "Convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Tiller v. State*, 222 Ga. App. 840, 841 (476 SE2d 591) (1996).

The record reflects that Dean McManus of the Georgia Bureau of Investigation showed the victim and other witnesses Polaroid photographs of six black males. Although the photographs are not included in the record, McManus testified that all of the subjects appeared to be approximately the same age, with medium complexion, similar hair, and no facial hair. McManus did not inform the witnesses that Wright was in the photographic array. Each of the witnesses picked Wright from the array.

Under these circumstances, the identification procedure was not impermissibly suggestive. Although Wright contends that some of the subjects in the array were not the same size as him, this does not render the array impermissibly suggestive. See *Green v. State*, 219 Ga. App. 878, 880-881 (4) (467 SE2d 203) (1996). And while he contends that he was the only individual in the array wearing a t-shirt, the record reflects that it was a different color t-shirt than he was wearing during the attack. Cf. *Hendry v. State*, 177 Ga. App. 439, 440 (1) (339 SE2d 650) (1986) (photographic lineup not impermissibly suggestive even though suspects wearing same clothing as during robbery). "Since the pre-indictment lineup procedures were not impermissibly suggestive, so as to lead the witnesses to an 'all but inevitable' identification of defendant," this enumeration is without merit. (Punctuation and emphasis omitted.) *Brewer v. State*, 219 Ga. App. 16, 20 (6) (463 SE2d 906) (1995).

3. Given our reversal of Wright's armed robbery conviction, we need not address his contention that the court erred in failing to charge on the lesser included offense of robbery by intimidation.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 19, 1997 —
RECONSIDERATION DENIED OCTOBER 10, 1997 — ▮▮▮▮▮▮

*Harold D. McLendon*, for appellant.
*Ralph M. Walke, District Attorney, Wesley C. Ross, Assistant District Attorney*, for appellee.