### A01A1983. HAUGLAND v. THE STATE.
(560 SE2d 50)

MILLER, Judge.

Jeremy Haugland was convicted of hijacking a car and various other offenses. The hijacking conviction was based on evidence that while in the course of stealing a vehicle, defendant jerked an elderly woman out of her car and flung her across the street, injuring her arm and head. The primary question on appeal is whether the hijacking statute's requirement[1] that a defendant possess a firearm or weapon as an element of the offense is met by the defendant's use of his hands to fling someone from a car. We hold that the statutory requirement was not met and therefore reverse that conviction.

On appeal from a criminal conviction, we construe the evidence in favor of the verdict.[2] So construed, the evidence shows that the owner of a Ford Explorer vehicle woke one morning to find her vehicle missing. Haugland, who had been staying at the same residence and who did not have authorization to use the vehicle, was also miss-

---

[15] (Citations omitted.) *Henry*, supra, 263 Ga. at 418-419.

[1] OCGA § 16-5-44.1 (b).

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Kelley v. State*, 233 Ga. App. 244 (503 SE2d 881) (1998).

ing from his room. A police officer spotted Haugland driving the Explorer the next day. Once the officer cornered the vehicle, Haugland fled the scene on foot. The officer found Haugland's identification in the Explorer.

Not far away, Haugland flagged down an elderly woman driving a Geo Prizm. He jerked her from the car and flung her across the road, bruising her arm and causing her to hit her head on the asphalt. He escaped in the Geo and later that day led police on a high-speed chase that ended when he crashed into a rolling police blockade. Once arrested, Haugland gave a statement confirming these facts.

A grand jury indicted Haugland for numerous traffic offenses as well as theft of the Explorer (Count 1), hijacking the Geo by use of his hands (Count 2), robbery of the Geo (Count 3), aggravated assault of the Geo's owner (Count 4), and theft of the Geo (Count 5). At trial the judge instructed the jury that hands could constitute a weapon under the motor vehicle hijacking statute, depending on the manner in which they were used. The jury found Haugland guilty on all counts, and the court sentenced him on all counts.

Haugland moved for a new trial, which the court for the most part denied. The court, however, did merge Counts 4 and 5 into Count 3 for purposes of sentencing. On appeal Haugland challenges (1) the sufficiency of the evidence on Counts 1 and 2, (2) the giving of the jury charge on hands as weapons under the hijacking statute, and (3) the failure to merge Counts 4 and 5 into Count 3. We hold that the evidence did not suffice to sustain a hijacking conviction (Count 2) and reverse that conviction; we affirm the remainder of the jury verdict as well as the court's post-trial ruling that merged Counts 4 and 5 into Count 3 for purposes of sentencing; and we vacate the sentences on all remaining counts and remand the case for resentencing so the court may have discretion to sentence based on the surviving mix of offenses.

1. Haugland first challenges the theft by taking conviction arising out of the theft of the Explorer (Count 1). Theft by taking is shown where a person unlawfully takes any property of another with the intention of depriving him of the property.[3] The evidence shows that the same morning the Explorer was missing, so was Haugland. The owner had not authorized Haugland to take the vehicle. A day later an officer witnessed Haugland driving the Explorer and then fleeing when confronted. Haugland's identification was found in the vehicle. Haugland also admitted to taking the Explorer and to fleeing

---

[3] OCGA § 16-8-2.

from police, which was direct evidence of his guilt.[4] Moreover, aside from the confession, the jury was authorized to find that Haugland's driving the vehicle after the theft and his flight[5] upon seeing police excluded reasonable hypotheses of innocence.[6] The evidence sufficed to sustain the conviction.

2. Count 2 charged Haugland with hijacking a motor vehicle in violation of OCGA § 16-5-44.1. The indictment accused Haugland of obtaining the Geo by use of "weapons, to-wit: hands, instruments which when used offensively against a person are likely to result in serious bodily injury. . . ." *It is undisputed that Haugland possessed no external weapon at the time he stole the Geo and that the woman he assaulted did not believe he had a weapon.* The indictment specified that Haugland used force and violence by seizing the car's occupant, pulling her from the car, and throwing her to the ground. Haugland contends that the hands do not constitute weapons under the hijacking statute. We agree and therefore are constrained to reverse Haugland's conviction on Count 2.

OCGA § 16-5-44.1 (b) states that the offense of hijacking occurs when a "person while in possession of a firearm or weapon obtains a motor vehicle from the person or presence of another by force and violence or intimidation. . . ." The State does not contend that Haugland possessed a firearm, but contends that by using his hands to fling and thereby seriously harm the car's occupant, he possessed a weapon, which under the statute is defined as "an object, device, or instrument which when used against a person is likely to or actually does result in serious bodily injury or death. . . ."[7]

In upholding this conviction during the motion for new trial hearing, the court below compared the hijacking statute to the aggravated assault statute, which defines aggravated assault as an assault "[w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ."[8] In interpreting the aggravated assault statute, we have held that a jury may find hands and feet under certain circumstances to be deadly weapons or objects that are likely to result in serious bodily injury when used offensively against a person.[9] "[A] jury may find [hands] to be deadly depending

---

[4] *Patterson v. State*, 258 Ga. 592, 594 (1) (372 SE2d 809) (1988); see *Stewart v. State*, 163 Ga. App. 735, 737 (1) (295 SE2d 112) (1982).

[5] See *Shaheed v. State*, 245 Ga. App. 754, 755 (1) (538 SE2d 823) (2000) ("Flight is circumstantial evidence of consciousness of guilt. . . . [Cit.]") (punctuation omitted).

[6] See *Foster v. State*, 273 Ga. 34, 35 (1) (537 SE2d 659) (2000) (jury question whether evidence excludes other reasonable hypotheses).

[7] OCGA § 16-5-44.1 (a) (3).

[8] OCGA § 16-5-21 (a) (2).

[9] See *Johnson v. State*, 245 Ga. App. 761, 762-763 (2) (538 SE2d 850) (2000).

upon their use, wounds inflicted, and other surrounding circumstances."[10]

The State, on the other hand, argues that the hijacking statute is more like the armed robbery statute, which defines armed robbery as when a person with the intent to commit theft "takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon."[11] "[A] defendant's hands and feet do not constitute offensive weapons for purposes of the armed robbery statute."[12] We explained in *Wright v. State*[13] that a defendant who does not carry or imply that he is carrying some form of external weapon or instrument cannot in any realistic sense be said to be "armed" and thus cannot be guilty of armed robbery. We held that this was compatible with the aggravated assault cases, "because the purposes of the two statutes are different."[14]

> The purpose of the aggravated assault statute is to treat as a felony those assaults likely to result or actually resulting in serious bodily injury, whether through the use of an external weapon or the defendant's hands and feet. Compare OCGA § 16-5-20 (misdemeanor simple assault) with OCGA § 16-5-21 (felony aggravated assault). The purpose of the armed robbery statute, by contrast, is to punish more severely those defendants who use a weapon in the commission of a robbery, which would constitute a felony even in the absence of such a weapon. Compare OCGA § 16-8-40 (felony robbery) with OCGA § 16-8-41 (felony armed robbery). Thus, the focus in an aggravated assault case is the likelihood or actual presence of serious bodily harm, while the focus in an armed robbery case is on the presence of a weapon.[15]

We hold for two reasons that, similar to the armed robbery statute, the hijacking statute does not authorize a conviction for hijacking a motor vehicle where no weapon or instrument was used other than the defendant's own hands and feet. First, as with the armed robbery statute, the purpose of the hijacking statute is to punish more severely those defendants who use a weapon in the forcible

---

[10] (Citation and punctuation omitted.) *Gafford v. State*, 240 Ga. App. 251, 252 (1) (523 SE2d 336) (1999).

[11] OCGA § 16-8-41 (a).

[12] *Wright v. State*, 228 Ga. App. 779, 780 (1) (492 SE2d 680) (1997).

[13] Id.

[14] Id.

[15] Id. at 780-781 (1).

theft of a vehicle taken from the person or immediate presence of another, which would constitute a felony even in the absence of a weapon.[16] Thus, similar to the armed robbery statute, the focus in the hijacking statute is on the presence of a weapon.

*Bradford v. State*[17] supports this analysis. *Bradford* concluded that a defendant, who in demanding the victim's vehicle claimed to possess a gun and who gripped the victim tightly with one hand, could not be convicted of hijacking, because "no evidence was offered to establish the physical manifestation requirement necessary to sustain a reasonable inference that [defendant] had a gun, a weapon, or any object. . . ."[18] In reaching this conclusion, the two-judge majority held that the weapon requirement of the hijacking statute is similar to that of the armed robbery statute. The special concurrence agreed on this point, stating that "[a]s indicated in the majority opinion, the two statutes require comparable proof, with respect to the weapon element."[19] None of the three judges on the *Bradford* panel mentioned the defendant's hands as possible weapons under the hijacking statute, concluding instead that the armed robbery weapon requirement, which requires the physical manifestation of a separate gun, weapon, or object, applied to the hijacking weapon requirement.

Second, the language of the hijacking statute indicates that the weapon must be an external instrumentality. The defendant must be "*in possession* of a firearm or weapon."[20] Under common vernacular, a person is not in possession of his hands or feet; rather, hands and feet are considered to be integral parts of the person who is doing the possessing. Possession refers to "having or holding property in one's power; the exercise of dominion over property."[21] "Property" is defined as "[a]ny *external* thing over which the rights of possession, use, and enjoyment are exercised."[22] Thus, this is a reference to holding some object or thing that is *external* to the person, not to holding one's own bodily parts. Indeed, the body with its parts is the person, and *by using* his hands or other parts that person holds or possesses an external object.

This is in contrast to the aggravated assault statute, which focuses on *using* an object offensively against a person that is likely to cause serious bodily injury.[23] A person can *use* his hands offen-

---

[16] Compare OCGA § 16-8-40 (a) (felony robbery) — of which Haugland was also convicted — with OCGA § 16-5-44.1 (b) (felony hijacking a motor vehicle).

[17] 223 Ga. App. 424 (477 SE2d 859) (1996) (physical precedent only).

[18] Id. at 426 (1).

[19] Id. at 427 (Beasley, C. J., concurring specially).

[20] (Emphasis supplied.) OCGA § 16-5-44.1 (b).

[21] Black's Law Dictionary (7th ed.), p. 1183.

[22] (Emphasis supplied.) Id. at 1232.

[23] OCGA § 16-5-21 (a) (2).

sively without possessing an external instrument to inflict harm, but a person does not *possess* his own hands, for it is often his hands that are doing the possessing.

For these reasons, we hold that a defendant's hands and feet do not constitute weapons for purposes of the motor vehicle hijacking statute. Accordingly, we must reverse Haugland's hijacking conviction (Count 2).. This renders moot Haugland's enumeration on the jury charge regarding hijacking.

3. Haugland's remaining two enumerations are based on the premise that the court did not merge Counts 4 and 5 into Count 3, when in fact it did so in its order on Haugland's motion for new trial.[24] The State may prosecute the defendant for multiple crimes established by the same conduct, but the defendant may not be convicted (i.e., sentenced) for more than one crime if one crime is included in the other or the crimes differ only in that one prohibits a designated kind of conduct generally and the other prohibits a specific instance of such conduct.[25] When the court here ordered that Counts 4 and 5 were merged into Count 3 for sentencing, this necessarily vacated the sentences on Counts 4 and 5. Thus, Haugland has no grounds for claiming error.

Since we have reversed the hijacking conviction and have clarified that the sentences on Counts 4 and 5 were vacated, we further vacate the sentences on the surviving counts and remand the case for resentencing on them so as to allow the trial court the discretion to reformulate the complex series of sentences in light of the present status of the case.[26]

*Judgment affirmed in part and reversed in part and case remanded for resentencing. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 24, 2002.

*Robert L. Ferguson*, for appellant.
*Roger G. Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.

[24] Cf. *Luke v. State*, 171 Ga. App. 201, 202-203 (2) (318 SE2d 833) (1984) (where force in aggravated assault charge is same force used in robbery charge, the aggravated assault charge merges into the robbery charge).
[25] OCGA § 16-1-7 (a); *Williams v. State*, 233 Ga. App. 217, 220 (4) (504 SE2d 53) (1998).
[26] See *Gibson v. State*, 243 Ga. App. 610, 614 (3) (533 SE2d 783) (2000).