### 46276.   GILLIAM v. THE STATE.

QUILLIAN, Judge. The defendant was convicted for possession of nontax-paid whiskey. His notice of appeal was taken from "the judgment of conviction and sentence entered herein on March 10, 1971, and certified by the trial judge for immediate review, overruling the defendant's motion to suppress evidence." The record contains no certificate of immediate review. The jury found the defendant guilty on February 9, 1971, and on the same day the trial judge overruled and denied the defendant's motion to suppress evidence. The judgment in this case was entered on March 10, 1971. The only transcript sent to this court involved the motion to suppress the evidence. The sole enumeration of error relates to the motion to suppress. *Held:*

This court in *Stephens v. State,* 119 Ga. App. 674 (168 SE2d 333), considered an appeal under almost identical circumstances. There was a transcript of evidence adduced on a motion to suppress certain evidence but no transcript of the actual trial. The court held: "There being no transcript of the evidence adduced upon the trial, we cannot determine whether the evidence sought to be suppressed was actually introduced before the jury, and unless it was introduced, the overruling of the motion to suppress the evidence was harmless, even if error." Thus, in this case any error committed in overruling the motion to suppress was harmless.

> *Judgment affirmed. Jordan, P. J., and Evans, J., concur.*
> SUBMITTED JUNE 2, 1971—DECIDED OCTOBER 1, 1971.

*Harry N. Gordon,* for appellant.