## A97A0307. BOSTON v. THE STATE.
(485 SE2d 578)

JOHNSON, Judge.

Jessie Boston was convicted of violating two counts of the Georgia Controlled Substances Act, possession of more than one ounce of marijuana and dispensing marijuana. He appeals from the judgment entered on the guilty verdict returned by the jury.

1. Boston contends the evidence presented at trial was insufficient to support his convictions. On appeal, the presumption of innocence no longer prevails; we view the evidence in the light most favorable to the verdict and do not speculate which evidence the jury chose to believe or disbelieve. *Gurlaskie v. State*, 196 Ga. App. 794 (1) (397 SE2d 66) (1990). Viewing the evidence in this light, investigators from the Bartow County Sheriff's Office were looking for two teenage girls reported as runaways when they received information that the girls had been seen at Boston's residence. The officers testified they heard movement inside the home, but that no one responded to a knock on the front door. As one of the officers walked around the residence he saw a footprint on top of an air conditioning unit located beneath a partially opened window. A neighbor told the officers where Boston worked and they called him, explaining that they believed the girls were inside his home. Boston left work and when he arrived at his home gave the officers permission to search his home for the girls. When they entered the home, the officers saw remnants of a marijuana cigarette, and a hemostat commonly used to smoke marijuana cigarettes, in an ashtray which was in plain view. After placing Boston under arrest, Boston told the officers they would find a bag of marijuana in a chair, which they did. Another bag of marijuana was found in one of the socks Boston was wearing. A forensic chemist testified that analysis confirmed that the substance was marijuana, and the aggregate weight of the seized drug was 38.5 grams or 1.3 ounces. The two girls, who were located later in the day, told police that they had previously entered Boston's home through a window and had smoked some of his marijuana while he was at work. They also testified that they had been to Boston's home on other occasions and had smoked marijuana with him. This evidence is sufficient to enable a rational trier of fact to find Boston guilty of possessing and dispensing marijuana. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In response to a request from the jury for an additional instruction defining probable cause to arrest, the court gave the following recharge: "The test of probable cause is whether the facts known to the person would justify a person of reasonable caution in believing that an offense has been committed; and this requires merely a probability, less than a certainty, but more than a mere sus-

picion or possibility." Boston complains that this definition was not sufficiently detailed and should have explained that the information relied on to arrive at probable cause must have been legally obtained. "It is well established that when the jury, after having received complete instructions on the law applicable to the case, returns to the courtroom and requests additional instruction on a particular point, the trial court may, in its discretion, either recharge the jury in full or confine the instruction to the particular point suggested by the jury's inquiry." (Citations and punctuation omitted.) *Williams v. State*, 210 Ga. App. 357, 358 (2) (436 SE2d 228) (1993). The trial court did not abuse its discretion here in tailoring the recharge to the specific question posed by the jury.

3. Boston also contends the trial court erred in denying his motion to suppress evidence which was obtained by illegal entry and search of his residence by law enforcement officers. Although the trial court's order denying Boston's motion to suppress refers to consideration of oral testimony and argument, no transcript of a suppression hearing appears in the record. Absent a transcript of the suppression hearing, we must assume as a matter of law that the evidence presented supported the findings of the court. *Brown v. State*, 190 Ga. App. 324, 326 (2) (378 SE2d 908) (1989); *Santone v. State*, 187 Ga. App. 789, 790 (1) (371 SE2d 428) (1988).

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 3, 1997.

Before Judge Pope.

*Neel & Smith, Barry S. Haney,* for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney,* for appellee.