## A01A2088. CLOER v. THE STATE.
### (554 SE2d 206)

MILLER, Judge.

Dan Cloer has appealed his misdemeanor conviction for DUI arising from a bench trial. His sole argument is that the court erred in denying his motion to suppress the evidence obtained by an officer at a roadblock. The trial court based its ruling on evidence received at a hearing on the motion to suppress. Although Cloer in his initial notice of appeal asked that the transcript from the hearing be included in the record on appeal, he amended that notice to exclude the transcript.

In his appellate brief, Cloer challenges as unsupported by evidence the court's findings that the officer was acting with supervision pursuant to department policy, that the delay caused by the roadblock was minimal, and that the roadblock was well identified. Cloer complains that the officer had no plan for the roadblock and "provided no methodology to the court" as to how he conducted the roadblock. "[H]e simply pulled over the cars he wanted to." Cloer complains further that "[t]here was no evidence recited by the court as to how long the delay lasted." Finally, Cloer argues that the evidence showed the roadblock was not well identified.

Upon receipt of this brief, the State moved this Court for an extension of time to file its brief so that the State could have the

motion to suppress hearing transcribed and added to the appellate record. There is no need for this Court to consider lengthy extensions to cure problems created by the appellant. Here, even though the challenges to the suppression ruling are all evidentiary based, Cloer has consciously chosen to exclude the transcript of the evidentiary hearing. "Absent a transcript of the suppression hearing, we must assume as a matter of law that the evidence presented supported the findings of the court. [Cits.]" *Boston v. State*, 226 Ga. App. 17, 18 (3) (485 SE2d 578) (1997). We must assume further that "the court properly exercised its judgment and discretion in denying the motion to suppress." (Citations and punctuation omitted.) *Aaron v. State*, 203 Ga. App. 658, 659 (2) (418 SE2d 66) (1992); see *Hasty v. State*, 195 Ga. App. 427 (394 SE2d 800) (1990).

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED AUGUST 9, 2001.

*Fraser & Fraser, Mark S. Fraser*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.