## A02A1723. POLLARD v. THE STATE.
### (580 SE2d 337)

BARNES, Judge.

Henry Pollard was convicted of rape, statutory rape, aggravated sodomy, aggravated child molestation, and six counts of child molestation. The trial court merged the rape, statutory rape, and one of the child molestation counts[1] and also merged the aggravated sodomy and aggravated child molestation counts.[2] Pollard and his wife were, for varying periods, foster parents of the three victims, ages five, six, and seven. Following his conviction, Pollard filed a motion for new trial, which he later amended. The trial court granted the motion on Count 6, the aggravated sodomy charge, and denied the motion on all other charges. Pollard appeals this order, asserting numerous errors, and we affirm.

1. Pollard maintains that the trial court erred in excluding evidence of the victims' prior molestation. He argues that evidence that the victims had been molested before is relevant to his guilt or innocence and is thereby not subject to the provisions of OCGA § 24-2-3.

> Generally, evidence of a prior molestation or previous sexual activity on the part of the victim is not admissible in a child molestation case to show either the victim's reputation for nonchastity or preoccupation with sex. This type of evidence may be admissible for the limited purpose of establishing other possible causes for behavioral symptoms typical of the child sexual abuse accommodation syndrome or to explain certain medical testimony introduced at trial.

(Citations omitted.) *Tidwell v. State*, 219 Ga. App. 233, 237-238 (5) (464 SE2d 834) (1995). Evidence of a prior molestation is also not admissible to show that the victim was "confused." *Blackwell v. State*, 229 Ga. App. 452, 454 (2) (494 SE2d 269) (1997).

Here, although Pollard argues that the trial court denied his motion to admit evidence of prior molestations, we cannot find evidence of the denial of such motion in the record. Pollard maintains that the motion was denied during an unrecorded bench conference,

---

[1] Counts 1, 2, and 3 of the indictment.
[2] Counts 6 and 7 of the indictment.

but the burden remains on the defendant to ensure that the record includes the issue upon which he or she seeks review as well as the lower court's ruling on such issue. *Walton v. State*, 261 Ga. 392, 394 (2), n. 5 (405 SE2d 29) (1991).

Our review of the record shows that before trial, a hearing was held on a motion in limine. Pollard stated during the hearing that "our indication is that two of the three victims were previously molested." He maintained that evidence of the prior molestation should be admitted as a possible explanation for the irregular findings in the victims' medical exams. The trial court reserved ruling on the issue, but agreed that the prior molestations could be admissible "depending on how the case is presented." It instructed the State to "be prepared to deal with that I'll probably let that in if she meets the threshold." There is no other discussion of the issue in the record, nor any indication that Pollard asked the trial court for a final ruling on the admissibility of the prior molestations.

"[W]here the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm." (Punctuation and footnote omitted.) *Williams v. State*, 253 Ga. App. 10 (557 SE2d 473) (2001).

2. It is well settled that in no circumstances may a witness's credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth. The credibility of a witness is a matter exclusively for determination by the jury. OCGA § 24-9-80. "Testimony that another witness believes the victim impermissibly bolsters the credibility of the victim." *Buice v. State*, 239 Ga. App. 52, 55 (2) (520 SE2d 258) (1999).

Here Pollard complains that three witnesses were allowed to give impermissible testimony regarding the truthfulness of the witnesses. After review, we find this argument without merit.

The nurse who examined the victims was asked, regarding one of the victims, if she received "any indications of deception from her." Pollard did not object, and the nurse answered, "Well, I'm not really sure how to answer that because you never know how people are deceiving you, but just going back to the literature, most children tell the truth and that is usually what we base our exam on." At that point, Pollard objected, and the trial court sustained the objection, directing the State to "move on to another area."

Pollard also complains about the testimony of a foster parent to whom one of the victims made an outcry. The State asked the witness, "Were [the victim's] statements to you made under circumstances where you found them to be reliable and believable?" The witness answered, "yes." Pollard objected and asked for curative

instructions. The trial court sustained the objection and instructed the jury to disregard the witness's response.

The last instance occurred during the testimony of another foster child to whom another of the victims outcried. The State asked her if "the statement that [the victim] made were they made under circumstances where you believed them to be trustworthy, or believable or truthful?" She responded, "yes." The State continued with the direct examination without any objection from Pollard.

We find that in the two instances that Pollard did object to the questioning, the trial court properly sustained the objections and gave cautionary directions to the State. Further, Pollard's subsequent acquiescence to the trial court's actions deprives him of the right to complain further. *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986). Pollard's failure to object to the third instance of alleged impermissible testimony precludes our review because a defendant must object to alleged improprieties when they occur to allow the trial court the opportunity to take remedial action. *Ward v. State*, 238 Ga. App. 540, 542-543 (2) (519 SE2d 304) (1999).

While Pollard complains about the cumulative effect of this testimony, this state does not follow a "cumulative error" rule of prejudice; any error of record must stand or fall on its own merits and is not aided or aggravated by the accumulative effect of other claims of error. See *Forehand v. State*, 267 Ga. 254, 256 (7) (477 SE2d 560) (1996).

3. In his next enumeration of error, Pollard asserts that the evidence was insufficient to sustain his conviction for the rape charge and aggravated sodomy. While acknowledging that the trial court granted a new trial on the aggravated sodomy charge, he contends that he should be acquitted because the State failed to prove beyond a reasonable doubt the element of force required for these convictions. We do not agree.

Regarding the rape conviction,

[u]nder OCGA § 16-6-1 (a), a person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. In *State v. Collins*, 270 Ga. 42 (508 SE2d 390) (1998) . . . , the Supreme Court of Georgia recently reiterated that the terms "forcibly" and "against her will" are two separate elements of proving rape. The term "against her will" means without consent; the term "forcibly" means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation. The state must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age. However, the *quantum of*

*evidence to prove force against a child is minimal*, since physical force is not required. Intimidation may substitute for force. Further, force may be proved by direct or circumstantial evidence. Lack of resistance, induced by fear, is force, and may be shown by the prosecutrix'[s] state of mind from her prior experience with appellant and subjective apprehension of danger from him.

(Citations and punctuation omitted; emphasis omitted and supplied.) *House v. State*, 236 Ga. App. 405, 408 (1) (512 SE2d 287) (1999).

Pollard was charged with the rape of M. B. C., who was five years old at the time. The record reflects that M. B. C. said that Pollard "put his thing in her and it hurt." She also said that she was afraid to tell her secret because Pollard told her if she did she would not see her family again. This was sufficient evidence from which the jury could find the element of force necessary to support the conviction. *Roberts v. State*, 242 Ga. App. 621, 624 (1) (b) (530 SE2d 535) (2000).

Pollard also maintains that the State failed to prove the element of force in the aggravated sodomy conviction. The trial court, however, merged this conviction with the aggravated child molestation conviction. Thus, pretermitting whether the State proved the element of force required for the aggravated sodomy conviction, we find no reversible error.

4. Pollard also contends that the trial court erred in denying his motion for an in camera inspection of the victims' Department of Family and Children Services (DFACS) records. Pollard filed a motion for the issuance of a subpoena to obtain the DFACS records, asking that the department produce the records for the accused or "in the alternative for this court's in camera inspection." The trial court granted the motion in part, directing DFACS to provide the records to the State and instructing the State to "review said records for possible exculpatory materials to be served on the Defendant."

Before trial, at the hearing on the motion in limine, Pollard renewed his motion for an in camera inspection, and the trial court responded, "Well I generally don't do that. I rely on the lawyers being officers of the court and [the prosecutor] always met that criteria as far as I'm concerned, he's reviewed it and at this point I'm satisfied."

DFACS records concerning the reports of child abuse are confidential, OCGA § 49-5-40 (b), and access to such records is limited by OCGA § 49-5-41, which gives such access to:

[a] court, by subpoena, upon its finding that access to such records may be necessary for determination of an issue before such court; provided, however, that the court shall examine such record in camera, unless the court determines

that public disclosure of the information contained therein is necessary for the resolution of an issue then before it and the record is otherwise admissible under the rules of evidence.

OCGA § 49-5-41 (a) (2).

Here, the trial court subpoenaed the DFACS records under the provisions of OCGA § 49-5-41, apparently upon its finding that access to such records may be necessary, and as such, it was required to undertake review of the records for potentially exculpatory material. *Davidson v. State*, 183 Ga. App. 557, 559 (4) (b) (359 SE2d 372) (1987). While the trial court may very well be correct that the State properly reviewed the DFACS records for potentially exculpatory material, the duty to undertake such a review statutorily belonged to the trial court. Further, we find no statutory discretion enabling the trial court to relegate this duty to others because of their status as officers of the court. See OCGA § 49-5-41.

While we find error with the trial court's decision to relegate its statutory duty to conduct an in camera review of the DFACS records, we also find this error to be harmless. We note that following the trial court's ruling, Pollard did not object but upon being asked if she was finished, Pollard's counsel simply responded, "yes, sir." That being so, "[a] party cannot during the trial ignore what he thinks to be an injustice, take his chances on a favorable verdict, and complain later. Matters not objected to at trial cannot be raised for the first time on appeal." (Citations and punctuation omitted.) *Richards v. State*, 232 Ga. App. 584, 586-587 (1) (502 SE2d 519) (1998). No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal. "He must stand his ground. Acquiescence deprives him of the right to complain further." *Whisnant v. State*, supra, 178 Ga. App. at 744 (2).

Moreover, the burden is on the defendant to show what was suppressed and how it is materially exculpatory. *Barnes v. State*, 157 Ga. App. 582, 586-589 (2) (277 SE2d 916) (1981). Pollard has failed to satisfy this burden. During the hearing, Pollard's counsel's proffered reasons for wanting the in camera review of the DFACS records were that she had received information from the State that one of the victims had recanted the alleged molestation, and that she had heard that Pollard may have been under investigation for molestation while the agency was still placing children in his home. Pollard's counsel admitted that "I can't make references to any particular incident that may be in that DFACS file," but "I feel that is an area that needs to be explored plus there may be some exculpatory evidence in that file."

The trial court ordered the State to produce the document in the file regarding the possible recantation or, if it could not be produced, to stipulate to the document's existence. Pollard has not shown that any other information was withheld or was material and exculpatory. His general assertion that something in the file might be exculpatory is insufficient to show error. See *Gibby v. State*, 213 Ga. App. 20, 24 (4) (443 SE2d 852) (1994) (this Court will not examine sealed materials to determine whether exculpatory information exists and was withheld without a showing that there is a strong possibility that they contain material and favorable evidence).

5. Pollard also challenges as error the trial court's finding that one of the victims, who had cerebral palsy, was mentally retarded, and lived in an institution, was competent to testify because she did not have the ability to reason. However, because the totality of the testimony given by the victim at the competency hearing authorized the court to find that she was competent to testify, we disagree.

Everyone is presumed competent to testify, even people who have been shown to have mental disabilities. *Flynn v. State*, 255 Ga. 415, 419 (7) (339 SE2d 259) (1986). Here, before she testified, the ten-year-old victim indicated she knew how to tell the truth; knew that it was bad to lie; could relate the day-to-day details of her life; knew her roommates' names and ages; and knew that she was in court. Moreover, Pollard offered no objection upon the trial court's finding of competency. See *Whisnant v. State*, supra, 178 Ga. App. at 744 (2) (cannot urge error in ruling to which the defendant acquiesced).

Whether a child witness is competent to testify within the meaning of OCGA § 24-9-7 is a matter which lies within the trial court's sound discretion. *Wood v. State*, 195 Ga. App. 424, 425 (393 SE2d 720) (1990). We discern no abuse of that discretion in these circumstances.

6. Absent a timely objection, we will not review Pollard's contention that the State made improper reference to "Paul and the Galatians" during its closing argument. Because Pollard did not promptly interpose an objection to the prosecutor's statements or argument or move for a mistrial, he has waived his right to complain on appeal. *Metts v. State*, 270 Ga. 481, 484 (4) (511 SE2d 508) (1999); see also *Mullins v. State*, 270 Ga. 450, 451 (2) (511 SE2d 165) (1999).

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 26, 2003.

*Jennifer E. Hildebrand*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.