## A05A1788. SMITH v. THE STATE.
(625 SE2d 497)

PHIPPS, Judge.

Following a bench trial in which he was found guilty of driving under the influence, speeding, and possessing an open container of alcohol, Danny Smith, Sr. appeals the trial court's denial of his motion to suppress the results of a breath test. For the reasons outlined below, we affirm.

We must abide by the following three principles when reviewing a trial court's order concerning a motion to suppress evidence:

> First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[1]

With these principles in mind, the record shows that Smith moved to suppress the results of his breath test on seven grounds, one of which was the alleged failure of the arresting officer to give him "a reasonable opportunity to have an additional breath test performed by a person of Defendant's own choosing." The state trooper who arrested Smith was the only witness who testified in the motion to suppress hearing and at trial.[2] The trooper testified that he used radar to clock

---

[1] *State v. Hester*, 268 Ga. App. 501, 502 (602 SE2d 271) (2004) (punctuation and footnote omitted).

[2] When reviewing a trial court's ruling on a motion to suppress, we may consider trial testimony in addition to the testimony submitted during the motion to suppress hearing. *Sanders v. State*, 235 Ga. 425, 431-432 (II) (219 SE2d 768) (1975).

Smith traveling at 85 mph on a road with a posted speed limit of 55 mph. While pursuing Smith to effect a traffic stop, the trooper saw him weave in the road and cross the center yellow line. After stopping Smith, the trooper placed him under arrest for driving under the influence of alcohol based on Smith's slurred speech, lack of balance, and admitted alcohol consumption. After placing Smith under arrest for DUI, the trooper read him implied consent warnings and Smith consented to a breath test. Although the trooper also advised Smith of his right to obtain an independent test, Smith did not request one. The trooper then transported Smith to the Dooly County Sheriff's Office and obtained two breath samples, which revealed alcohol levels of 0.216 and 0.220. The trooper explained the test results to Smith and "asked him a couple of times if he had any additional questions or comments . . . and he had nothing for me and then I left the jail." The trooper testified that he was at the sheriff's office in Smith's presence for approximately 40 minutes and Smith never asked for an independent test.

After leaving the sheriff's office, the trooper learned that his presence was required at an accident scene with injuries within his patrol territory. A couple of minutes later, the sheriff's office called him and "advised [him] that [Smith] wanted to go to Warner Robins for a test from his physician." The trooper

> advised him that I had a wreck waiting on me, and that was out of my territory. It was too far for me to go ahead and leave and that I wouldn't be able to do that. If he had somewhere closer inside the territory, then we could get him over there and to call me back if he wanted to do that, and they never called me back.

The trooper explained that Warner Robins was outside his territory and that there were places within his territory that could have tested Smith's blood. The trooper also testified that he received no indication that Smith had arranged for his physician to meet with him after 10:30 p.m. on a Saturday night and that no one contacted him to tell him that Smith wanted to go somewhere else for an independent test.

The trial court denied Smith's motion to suppress and concluded that Smith

> did not make either a timely or sufficient request for an independent test. Furthermore, the arresting officer was justified in not abandoning a serious call requiring his attention given the scarcity of law enforcement resources

and the speculative nature of whether or not the independent test in the form requested by the Defendant could even be obtained.

On appeal, Smith contends that the trial court should have granted his motion to suppress.

> OCGA § 40-6-392 (a) (3) allows one accused of driving under the influence of alcoholic beverages the right to have a chemical analysis of his blood and urine by a qualified person of his own choosing. As this Court has recognized, the "of his own choosing" language is not superfluous. Rather, a suspect is entitled to a meaningful opportunity to choose the testing facility. If the suspect's choice is unreasonable, however, a law enforcement officer is justified in refusing to accommodate the request. The trial court must determine whether, under the totality of the circumstances, the suspect's request was reasonable. The factors the trial court may consider in resolving this issue include the following: (1) availability of or access to funds to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of the requested facilities; and (5) opportunity and ability of [the] accused to make arrangements personally for the testing.[3]

Additionally,

> before the duty of the police arises to transport a defendant to the location of the independent test, and before there is a breach of that duty which may give reason to suppress the evidence of the state administered test, the defendant must first show that he had made arrangements with a qualified person of his own choosing, that the test would be made if he came to the hospital, that he so informed the personnel at the jail where he was under arrest, and that those holding him either refused or failed to take him to the hospital for that purpose.[4]

After applying these factors to the case before us, we find the trial court did not err by denying Smith's motion to suppress. As noted by

---

[3] *Lenhardt v. State*, 271 Ga. App. 453, 455 (2) (610 SE2d 86) (2005) (footnotes omitted).
[4] *Lovell v. State*, 178 Ga. App. 366, 369 (2) (343 SE2d 414) (1986) (citation omitted).

the trial court, complying with Smith's request would have taken the trooper away from an accident with injuries that required his presence; the location requested by Smith was over 40 miles away and outside the trooper's territory; and there was no evidence that Smith had made arrangements for a test by his personal physician. In so holding, we reiterate that "[t]here is no bright line defining at what point the distance to the requested facility renders the suspect's request unreasonable or when the time factor becomes too onerous."[5] In this case, all of the evidence together provides some support for the trial court's ruling, and we therefore affirm.[6]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED DECEMBER 19, 2005.

*Gregory W. Holt*, for appellant.
*Denise D. Fachini, District Attorney, Jana M. Bruner, Assistant District Attorney*, for appellee.

---

[5] *Lenhardt*, supra, 271 Ga. App. at 456 (2) (footnote omitted).

[6] See id.