## A07A1648. PITTMAN v. THE STATE.
### (650 SE2d 302)

BLACKBURN, Presiding Judge.

Following a jury trial, Robert Lee Pittman appeals his DUI (less safe)[1] conviction, arguing that the trial court erred in denying his motion to suppress evidence obtained during an allegedly illegal traffic stop and subsequent arrest. Because Pittman chose to exclude the transcript of his jury trial from the appellate record, we cannot review evidentiary matters critical to the issues raised, and we must therefore affirm.

The only issue on appeal is whether the trial court erred in denying Pittman's motion to suppress. That motion argues that (i) the evidence of Pittman's intoxication and impairment came from a traffic stop by police, for which the police had no reasonable, articulable suspicion of criminal activity, and (ii) the evidence of his refusing to submit to a chemical test of his breath was tainted by the police's waiting too long after his arrest before giving him an implied consent warning.[2] Following an evidentiary hearing on this motion, the court denied same. A jury found Pittman guilty on the single

---

[1] OCGA § 40-6-391 (a) (1).
[2] See OCGA § 40-5-67.1.

charge of DUI (less safe). The court denied Pittman's motion for new trial, giving rise to this appeal.

In his notice of appeal, Pittman directs the clerk to include in the appellate record the transcripts from the hearings on the motion to suppress and the motion for new trial, but directs the clerk to exclude the trial transcript, citing monetary concerns and reasoning that the hearing transcripts will suffice. Nothing indicates that Pittman ever applied for indigency status.

Pittman's strategic and financial decision to exclude the trial transcript from the appellate record deals a fatal blow to his appeal. The trial transcript is critical to this Court's review of the ruling on the motion to suppress for two reasons. First, in reviewing a trial court's decision on a motion to suppress, we will not disturb its findings "if there is any evidence to support them; all relevant evidence of record, *including evidence introduced at trial*, as well as evidence introduced at the motion to suppress hearing, may be considered." (Emphasis supplied.) *Hill v. State*.[3] Thus, we "consider both the transcript of the hearing and the trial transcript" in reviewing the evidentiary basis for the denial of a motion to suppress. *Simpson v. State*.[4] See *White v. State*[5] (appellate court considers "both the transcript of the hearing on appellant's motion to suppress and the trial transcript"); *Smith v. State*.[6] Absent the trial transcript here, we cannot determine whether some evidence (as presented at trial) supported the trial court's findings (i) that the police had a reasonable, articulable suspicion of criminal activity when they made the traffic stop of Pittman's vehicle, or (ii) that the time interval between the arrest and the giving of the implied consent warning was reasonable under the circumstances. Rather, "we must assume as a matter of law that the evidence presented supported the findings of the court [and] that the court properly exercised its judgment and discretion in denying the motion to suppress." (Citation and punctuation omitted.) *Cloer v. State*.[7]

Second, we need the trial transcript to "determine whether the evidence sought to be suppressed was actually introduced[, for] unless it was introduced, the overruling of the motion to suppress the evidence was harmless, even if error." (Punctuation omitted.) *Pierson v. State*.[8] The party alleging harmful error bears the burden of

[3] *Hill v. State*, 224 Ga. App. 208 (480 SE2d 256) (1997).

[4] *Simpson v. State*, 263 Ga. App. 496, 498, n. 5 (588 SE2d 445) (2003).

[5] *White v. State*, 263 Ga. App. 94, 98 (5) (428 SE2d 789) (1993).

[6] *Smith v. State*, 277 Ga. App. 81, n. 2 (625 SE2d 497) (2005).

[7] *Cloer v. State*, 251 Ga. App. 174, 175 (554 SE2d 206) (2001).

[8] *Pierson v. State*, 199 Ga. App. 634 (406 SE2d 578) (1991).

showing it affirmatively by the record. *Stephens v. State.*[9] Thus, where the hearing transcript on the motion to suppress is included but not the trial transcript, "the case must be affirmed as to the alleged error in not suppressing the evidence." (Punctuation omitted.) *Pierson*, supra, 199 Ga. App. at 634-635. See *Bass v. State.*[10] See also *Gilliam v. State*;[11] *Stephens*, supra, 119 Ga. App. at 674.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED JULY 6, 2007.

*Allen M. Trapp, Jr.*, for appellant.

*Robert Stokely, Solicitor-General, Sandra N. Wisenbaker, Amy B. Godfrey, Assistant Solicitors-General*, for appellee.

---

[9] *Stephens v. State*, 119 Ga. App. 674, 675 (168 SE2d 333) (1969) (on motion for rehearing).

[10] *Bass v. State*, 117 Ga. App. 89, 90 (159 SE2d 299) (1968).

[11] *Gilliam v. State*, 124 Ga. App. 493 (184 SE2d 360) (1971).