A07A2021. GOOCH v. THE STATE.
(656 SE2d 214)

SMITH, Presiding Judge.

Randall Rocky Gooch was indicted by a Dawson County grand jury on two counts of battery under the Family Violence Act and one count of criminal damage to property in the first degree. A jury acquitted him of the Family Violence Act charges, but found him guilty of criminal damage to property in the first degree. His amended motion for new trial was denied, and he appeals, asserting the

general grounds and error in the admission of the victim's prior inconsistent statement. Finding no error, we affirm the conviction.

1. Construed in support of the jury's verdict, the evidence shows that, while quarreling with his ex-wife, Gooch threw a burning bed sheet on her bedroom floor, so that she had to jump over it in order to escape. Gooch contends that he should not have been convicted of criminal damage to property because the sheet was joint marital property. But OCGA § 16-7-22 (a) (1), charged here, provides that a person commits criminal damage to property in the first degree if he "interferes with *any* property in a manner so as to endanger human life." (Emphasis supplied.) In contrast, OCGA § 16-7-23 (a) (1), criminal damage to property in the second degree, provides that the offender must intentionally damage "any property *of another person*." (Emphasis supplied.) In any event, marital or family property *partially* owned by another is sufficient to establish the commission of an offense even under OCGA § 16-7-23 (a) (1). *Ginn v. State*, 251 Ga. App. 159, 161 (2) (553 SE2d 839) (2001). "In determining whether the [item] was the property of another, legal title is not conclusive. Instead, the State must only show that a person other than the defendant had a legal right to possess or occupy the property." (Citations and footnotes omitted.) *Mack v. State*, 255 Ga. App. 210, 213 (2) (564 SE2d 799) (2002). Finally, some evidence was introduced that the sheet was not marital property, because although Gooch and the victim had received the sheet as a wedding present in 1999, they had been married only for a brief period and never reconciled or lived together again. The victim kept the sheet after the divorce, and described it as hers. This enumeration of error is without merit.

2. Next, Gooch claims that the trial court erred in admitting the victim's prior inconsistent statement to a police investigator regarding the burning sheet incident, arguing that the State failed to lay a proper foundation as to the time, place, or circumstances of the prior statement.[1] We disagree.

OCGA § 24-9-83 provides:

A witness may be impeached by contradictory statements previously made by him as to matters relevant to his testimony and to the case. Before contradictory statements may be proved against him, unless they are written statements made under oath in connection with some judicial proceedings, the time, place, person, and circumstances attending

---

[1] Gooch does not challenge the victim's other prior inconsistent statement to the county director of victim services, an expert on domestic violence.

the former statements shall be called to his mind with as much certainty as possible.

Here, the prosecutor questioned the victim at considerable length regarding the circumstances of the prior statement, confirming the date, the events that led the police to her residence, and the person to whom the statement was made. The tape recording of the victim's 911 call was played for her. The prosecutor then questioned the victim in detail regarding the contents of her earlier statement, which she denied making. This line of questioning amply established a foundation for introduction of the prior inconsistent statement. *Buchanan v. State*, 282 Ga. App. 298, 299-300 (1) (638 SE2d 436) (2006).

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED DECEMBER 20, 2007.

*Leanne K. Shipley, Robert R. McNeill, Nicki N. Vaughan,* for appellant.

*Lee Darragh, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.