## A08A0220. WILLIAMS v. THE STATE.
(661 SE2d 658)

JOHNSON, Presiding Judge.

After a jury trial, Tony Williams was convicted of armed robbery, obstruction of a law enforcement officer and six counts of aggravated assault. He appeals, challenging the sufficiency of the evidence as to the armed robbery and aggravated assault verdicts and the admission into evidence of taped pretrial statements of two of the aggravated assault victims. The challenges are without merit, and we thus affirm Williams' conviction.

1. On appeal from a criminal conviction, the evidence is construed in the light most favorable to the jury's verdict, and the

appellant is no longer presumed innocent.[1] An appellate court does not weigh the evidence or judge the credibility of the witnesses, but determines only whether there is sufficient evidence from which a rational trier of fact could find the essential elements of the crimes charged beyond a reasonable doubt.[2]

Construed in favor of the verdict, the evidence in the instant case shows that on Christmas Eve 1999, two masked men, armed with a gun, entered a Taco Bell restaurant in Athens-Clarke County. They pointed the gun at the employees in the restaurant; forced the manager to give them money, including rolls of change, from a safe; ordered everyone to get on the floor; and then fled. The police were immediately contacted and arrived at the scene within a few minutes of the robbery.

An officer arriving on a road behind the restaurant saw two men running, and he noticed that they were both wearing the type of Timberland boots reportedly worn by the armed robbers. The officer stopped the two men, eventually identified as Williams and Courtney Johnson, and called for backup. When another officer arrived, Williams and Johnson were searched. The officers found Williams to be in possession of a BB gun and $201 in cash, including several rolls of quarters. Two of the restaurant employees identified the gun as the weapon used in the robbery.

A surveillance videotape of the robbery was played for the jury. A detective testified that the videotape showed, among other things, one of the robbers wearing a jacket with a large X on the back and Timberland boots. He further testified that when Williams was arrested immediately after the robbery, he was wearing the jacket and boots depicted on the videotape.

Having reviewed the evidence in favor of the verdict, we conclude that there is sufficient evidence from which the jury was authorized to find Williams guilty beyond a reasonable doubt of participating in the armed robbery at the restaurant[3] and the aggravated assaults (intent to rob) of the restaurant employees.[4]

2. Williams contends the trial court erred in admitting into evidence the taped statements of Reggie Chapman and Daffney Moses, two of the restaurant employees and aggravated assault victims. As to Chapman's taped statement, Williams' trial counsel expressly stated that he did not object to its admission into evidence.

---

[1] *Murray v. State*, 239 Ga. App. 659 (522 SE2d 48) (1999).

[2] Id.; *Wright v. State*, 228 Ga. App. 779 (1) (492 SE2d 680) (1997).

[3] OCGA § 16-8-41 (a).

[4] OCGA § 16-5-21 (a) (1); see also *Johnson v. State*, 277 Ga. App. 41, 42-43 (1) (625 SE2d 411) (2005).

Williams therefore waived any objection to the admission of Chapman's taped statement.[5]

As for Moses, she gave some testimony about the incident at the Taco Bell, but further testified that she could not remember all the details of the incident, which had occurred some six years prior to trial. The Supreme Court of Georgia has ruled that "[a] party may introduce a prior consistent statement of a forgetful witness where the witness testifies at trial and is subject to cross-examination."[6] In the instant case, Moses was a forgetful witness who testified at trial and was in fact cross-examined by Williams. Under those circumstances, the trial court did not abuse its discretion in allowing the state to introduce Moses' prior statement, given to police shortly after the incident.[7]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 24, 2008 ▮▮▮▮▮▮▮▮▮

*Timmons, Warnes & Anderson, John H. Baker*, for appellant.
*Kenneth W. Mauldin, District Attorney, Leslie Spornberger Jones, Assistant District Attorney*, for appellee.

---

[5] See *Marshall v. State*, 275 Ga. 740, 744 (8) (571 SE2d 761) (2002); *Arrington v. State*, 224 Ga. App. 676, 678 (3) (a) (482 SE2d 400) (1997).

[6] *Manning v. State*, 273 Ga. 744, 745 (3) (545 SE2d 914) (2001).

[7] See *Waters v. State*, 288 Ga. App. 260, 261 (653 SE2d 849) (2007) (prior statement of forgetful witness who testifies at trial may be introduced); *Jackson v. State*, 255 Ga. App. 279, 282 (2) (564 SE2d 865) (2002) (trial court did not err in admitting forgetful witnesses' earlier statements).

