A08A1412. JONES v. THE STATE.
(670 SE2d 506)

SMITH, Presiding Judge.

Derrick Duvall Jones was found guilty by a Fulton County jury of trafficking in cocaine. His amended motion for new trial was denied, and he appeals, asserting three enumerations of error. Finding no error, we affirm.

1. Although Jones failed to enumerate the general grounds and argues them only as part of his ineffective assistance of counsel claim, we have examined the record and conclude that the evidence was sufficient for a rational trier of fact to find Jones guilty under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jones asserts that the verdict is void because the order appointing the senior judge who presided over the trial expired while

the jury was deliberating.[1] He also argues ineffective assistance of counsel in failing to raise an objection to the appointment order, which he raises in the third enumeration of error but argues under the first. Both arguments, however, are foreclosed by our recent decision in *Oliver v. State*, 273 Ga. App. 754 (615 SE2d 846) (2005). As in *Oliver*, Jones failed to raise a timely objection to the expiration of the order. He raised it for the first time in his amended motion for new trial, and "failure to raise this issue prior to the commencement of trial precludes appellate review of this issue." (Citation, punctuation and footnote omitted.) Id. at 756 (2). Moreover,

> [a] defendant claiming ineffective assistance of counsel must show (1) that his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. We are not required to address both components of the test if the defendant has made an insufficient showing on one. And we will uphold a trial court's finding that counsel was effective unless it was clearly erroneous.

(Citations, punctuation and footnotes omitted.) Id. at 756-757 (3). Jones "has not shown that trial counsel was ineffective for failing to object to the order appointing [the judge] because he has failed to show that he was denied a fair trial by virtue of the appointment order. As a result, he has not satisfied the prejudice component of the test." (Citation and footnote omitted.) Id. at 757 (3) (a).

3. Jones next complains that the trial court erred in admitting his co-defendant's testimony about a telephone conversation in August 2002. As with his first enumeration of error, Jones failed to raise a timely objection, but once again contends in the same enumeration of error that his trial counsel was ineffective in failing to object to this testimony. We find no error because the testimony was admissible as part of the res gestae.

Jones's co-defendant, Phillips, pled guilty and testified against Jones. Phillips testified that, sometime in August 2002, Jones came by his house driving the same car he was driving at the time of his October 10, 2002 arrest on the conviction at issue here. Jones showed him some drugs, and told him "he had approximately 100 keys supposed to come in, said he needed my help to move them." Phillips told Jones he would get back with him. When a confidential

---

[1] Jones has failed, however, to include a copy of the order in the record on appeal or cite to its location.

informant later told Phillips that "he had an associate that needed one to four kilos of cocaine," Phillips contacted Jones and arranged a date and time for the drug transaction. The transaction was interrupted when the police moved in; Jones fled but was arrested some time later.

> Acts are pertinent as part of the res gestae if they are done pending the hostile enterprise, and if they bear upon it, are performed whilst it is in continuous progress to its catastrophe, and are of a nature to promote or obstruct, advance or retard it, or to evince essential motive or purpose in reference to it. And the [S]tate is entitled to inform the jury of all the circumstances surrounding the commission of the crime or crimes charged.

(Citations and punctuation omitted.) *Rogers v. State*, 247 Ga. App. 219, 226 (8) (543 SE2d 81) (2000). See also *Gonzalez v. State*, 213 Ga. App. 667, 669 (3) (445 SE2d 769) (1994) (evidence of conversations and acts during negotiations leading up to sale of cocaine part of res gestae).

In this case, the August 2002 conversation explains why Phillips contacted Jones in October 2002 to arrange a drug transaction: he was helping Jones "move" the drugs as requested. As a result, the evidence was properly admitted as part of the res gestae, and Jones's claim of ineffective assistance must fail because "[f]ailure to raise a meritless objection cannot constitute ineffective assistance of counsel." (Citations and punctuation omitted.) *Wright v. State*, 265 Ga. App. 855, 858 (1) (c) (595 SE2d 664) (2004). This contention is without merit.

4. We have already addressed Jones's allegations of ineffectiveness with respect to his first two enumerations of error. In arguing his remaining claims of ineffectiveness, however, he makes no citations to the record or specific legal argument, simply asserting in conclusory fashion that counsel was ineffective. While our Supreme Court has held that the cumulative effect of trial counsel's alleged professional errors should be considered, *Schofield v. Holsey*, 281 Ga. 809, 811, n. 1 (642 SE2d 56) (2007), in this case Jones has failed to support his additional claims with citations to the record or argument. Court of Appeals Rule 25 (c). Under these circumstances, any additional deficiencies "did not in reasonable probability affect the outcome" of Jones's trial. (Citation omitted.) *Schofield v. Cook*, 284 Ga. 240, 253 (II) (I) (663 SE2d 221) (2008).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED NOVEMBER 25, 2008.

*Lawson & Thornton, George O. Lawson, Jr.,* for appellant.
*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney,* for appellee.