## A10A0035. WILLIAMS v. THE STATE.

(696 SE2d 512)

SMITH, Presiding Judge.

Johnny Williams was convicted of rape and incest upon his natural daughter.[1] He appeals after the denial of his amended motion for new trial, alleging insufficiency of the evidence, the admission of certain testimony by the trial court, and ineffective assistance of counsel. Finding no error, we affirm.

1. In his first and second enumerations of error, Williams asserts insufficiency of the evidence of rape with respect to the elements of force and lack of consent.[2]

> [U]nder OCGA § 16-6-1 (a), a person commits the offense of rape when he has carnal knowledge of a female forcibly and against her will. In *State v. Collins*, 270 Ga. 42 (508 SE2d 390) (1998), the Supreme Court of Georgia recently reiterated that the terms "forcibly" and "against her will" are two separate elements of proving rape. The term "against her will" means without consent; the term "forcibly" means acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation. The state must prove the element of force as a factual matter in forcible rape cases rather than presuming force as a matter of law based on the victim's age. However, the *quantum of evidence to prove force against a child is minimal*, since physical force is not required. Intimidation may substitute for force. Further, force may be proved by direct or circumstantial evidence. Lack of resistance, induced by fear, is force, and may be shown by the prosecutrix's state of mind from her prior experience with appellant and subjective apprehension of danger from him.

(Citations and punctuation omitted.) *Pollard v. State*, 260 Ga. App. 540, 542-543 (3) (580 SE2d 337) (2003).[3] Here, the victim claimed at trial in 2007[4] that she remembered nothing, and she denied that her father had had intercourse with her, despite her pregnancy and DNA

---

[1] Williams was acquitted of one count of family violence battery, and a directed verdict was granted as to a second count of family violence battery.

[2] Williams does not challenge his conviction for incest.

[3] *Collins* was superseded in part by statute as noted in *State v. Lyons*, 256 Ga. App. 377, 378-379 (568 SE2d 533) (2002), but the reasoning in *Collins* applies here because the victim was under the statutory age of consent but not less than ten years of age.

[4] The trial of this case was delayed because in 2003, Williams fled from the courtroom as his trial was about to begin and was not recaptured until 2005, when he was located in the custody of the sheriff of Hamilton County, Tennessee and returned to Cobb County.

testing showing that Williams was the father of her child. In addition, a videotape recording of her 2002 interview with a police detective was played for the jury. In that recording, the victim stated that when her father first had intercourse with her, "[o]f course, I objected to it." She responded affirmatively to the question, "Did he ever tell you not to tell or try to coerce you or threaten you?" saying, "Yeah. He says — he says don't tell." She added that he told her "he pays for our roof being over my head so kind of like I am obligated you know." He also kept her dependent by taking "every single dime" she earned from her employment. She felt as though "I don't have a choice."

"As an element of both rape and aggravated sodomy, force may be inferred by evidence of intimidation arising from the familial relationship, and may be proved by direct or circumstantial evidence. Lack of resistance, induced by fear, is not legally cognizable consent." (Citations, punctuation and footnotes omitted.) *Williams v. State*, 284 Ga. App. 255, 256-257 (1) (a), (b) (643 SE2d 749) (2007). And "lack of resistance, induced by fear, is force, and may be shown by the victim's state of mind from her prior experience with the defendant and subjective apprehension of danger from him." (Citations and punctuation omitted.) *Siharath v. State*, 246 Ga. App. 736, 739 (2) (541 SE2d 71) (2000).

Moreover, in 1996, the victim, then 11 years old, reported to her mother that Williams had molested her, but the charges were dismissed, and Williams remained in the home until 2002, when the victim became pregnant and a confrontation between Williams and the victim led to the arrest of Williams. When a victim was repeatedly molested and raped over a period of years despite protests and resistance, and her earlier outcry was unsuccessful, "the jury was authorized to find that, from the victim's perspective, resistance in this subsequent incident would have been futile." (Citation, punctuation and footnote omitted.) *Bradberry v. State*, 297 Ga. App. 679, 681 (1) (678 SE2d 131) (2009).

Williams argues that no evidence of force was adduced for the specific two-year period of time alleged in the indictment, contending that the victim did not explicitly testify to any act of force during that time. But, as noted above, evidence of prior experience and the futility of earlier resistance is sufficient for the jury to conclude that the force continued during the period of the indictment. Moreover, it is well settled that "evidence of guilt of an accused is not restricted to the day mentioned in the indictment, but may extend to any appropriate date previous to the finding in the indictment, and within the statute of limitation for the prosecution of the offense charged." (Citation omitted.) *Eberhardt v. State*, 257 Ga. 420, 421 (2) (359 SE2d 908) (1987). The evidence here was sufficient to show both

force and lack of consent.

2. Williams contends that a licensed clinical social worker was improperly allowed to bolster the testimony of the victim. However, the witness was qualified without objection as an expert in the field of therapy of children and adolescents on issues of abuse and trauma. She testified at length regarding child sexual abuse accommodation syndrome, its origins, and the elements of behavior and thinking symptomatic of the syndrome. She testified that the victim showed symptoms consistent with the syndrome, and described those symptoms. Williams complains that the witness in the course of this testimony improperly referred to "the perpetrator," thus addressing the ultimate issue in the case. But we considered and rejected this contention in *Brownlow v. State*, 248 Ga. App. 366, 369 (2) (b) (544 SE2d 472) (2001), in which the appellant objected to almost identical language referring to "a perpetrator" as "someone who is close to the child. . . ." We held:

> This testimony was given as part of a lengthy response to a request by the State to explain the concept of child sexual abuse accommodation syndrome. In its context, given the question and the testimony both before and after the language at issue, the psychologist's testimony is most fairly seen as an attempt to explain child [sexual] abuse accommodation syndrome to the jury rather than an impermissible opinion on an ultimate issue.

Id. This enumeration of error is without merit.

3. In four enumerations of error, Williams complains of the admission of prior inconsistent statements of the victim and her brother to police, including the victim's videotaped statement. But both the victim and her brother were either inconsistent or forgetful when they testified at trial, and both were cross-examined by Williams. The trial court therefore did not abuse its discretion in allowing the State to introduce their prior statements to police. *Williams v. State*, 291 Ga. App. 279, 281 (2) (661 SE2d 658) (2008). Moreover, the State questioned each witness in detail about the circumstances of the prior statements, including the date, the events that led up to the statements, and the persons to whom the statements were made. The witnesses also viewed recordings of their earlier statements. This satisfied the requirement that "the time, place, person, and circumstances attending the former statements shall be called to [the witness's] mind with as much certainty as possible." OCGA § 24-9-83. *Gooch v. State*, 289 Ga. App. 74, 75-76 (2) (656 SE2d 214) (2007).

Williams contends that the testimony of a police officer was

double hearsay. The victim's brother told the officer that the victim told him that she was pregnant and Williams was the father of her unborn child. While ordinarily this would indeed be inadmissible as double hearsay, in this case both the victim and her brother testified and claimed lack of memory or denied the statements. Thus each earlier declaration, whether to the brother or to the officer, was a prior inconsistent statement, and "each layer of hearsay was admissible under the applicable rules of evidence." *Metts v. State*, 297 Ga. App. 330, 339 (9) (b) (677 SE2d 377) (2009). Even if it had been inadmissible, the evidence was merely cumulative as DNA testing established that Williams was the father of the victim's child. The admission of hearsay statements is harmless when the statements are cumulative of other admissible evidence, or when the evidence of guilt is overwhelming. *Bridges v. State*, 268 Ga. 700, 708 (6) (492 SE2d 877) (1997).

4. Finally, Williams contends he received ineffective assistance of counsel at trial. Most of Williams's assertions of ineffectiveness go to his trial counsel's failure to object to the admission of evidence we have held admissible in Divisions 2 and 3, above. "Failure to raise a meritless objection cannot constitute ineffective assistance of counsel. [Cit.]" *Jones v. State*, 294 Ga. App. 854, 856 (3) (670 SE2d 506) (2008). In a cursory statement in less than a single page of his brief, Williams also claims his trial counsel failed to investigate numerous aspects of his case. But his argument, which amounts to a mere list of alleged failures with a single, irrelevant record reference and no citations of authority, is foreclosed by his failure to make any proffer of what the allegedly necessary investigations would have uncovered. "Absent [such] a proffer, defendant cannot meet his burden of making an affirmative showing that specifically demonstrates how counsel's failure would have affected the outcome of his case." (Citation and punctuation omitted.) *Sanders v. State*, 253 Ga. App. 380, 382 (559 SE2d 122) (2003).

Finally, despite the overwhelming evidence — including DNA identification and Williams's flight — trial counsel succeeded in obtaining a directed verdict of acquittal on one count and a jury verdict of acquittal on another. This "strongly supports the conclusion that the assistance actually rendered by defendant's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render." (Citation and punctuation omitted.) *Jackson v. State*, 281 Ga. App. 506, 511 (3) (636 SE2d 694) (2006) (jury acquitted defendant of several offenses). See also *Schaff v. State*, 275 Ga. App. 642, 644 (2) (d) (621 SE2d 595) (2005) (directed verdict of acquittal).

Williams has failed to show that his trial counsel's performance was deficient or that, but for a deficient performance, the outcome of

the trial would have been different. He has therefore failed to satisfy either prong of the test outlined in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED JUNE 25, 2010 —

*David P. Smith*, for appellant.

*Patrick H. Head, District Attorney, Eleanor A. Odom, John R. Edwards, Assistant District Attorneys*, for appellee.