### A10A1115. TOTH v. THE STATE.
(700 SE2d 910)

MCMURRAY, Senior Appellate Judge.

Billy Joe Toth was convicted of DUI (per se)[1] following a jury trial. On appeal, Toth contends that the trial court erred in denying his motion to suppress the breath test evidence. Because Toth chose to exclude the transcript of the trial court's proceedings from the appellate record, we are unable to review his claim of error. Therefore, we must affirm.

The burden rests upon the appellant to ensure that the record includes the issue upon which he seeks review and the trial court's ruling on such issue. See *Pollard v. State*, 260 Ga. App. 540, 541 (1) (580 SE2d 337) (2003). "The party alleging harmful error bears the burden of showing it affirmatively by the record." (Citation and footnote omitted.) *Pittman v. State*, 286 Ga. App. 415, 416-417 (650 SE2d 302) (2007). "Where the proof necessary for determination of the issues on appeal is omitted from the record, the appellate court must assume that the judgment below was correct and affirm." (Citation and punctuation omitted.) *Pollard*, 260 Ga. App. at 541 (1). See also *Pittman*, 286 Ga. App. at 416-417. In this case, we have no written order reflecting the trial court's ruling on the motion and no transcript of the evidence presented.[2] Consequently, we have no

---

[1] OCGA § 40-6-391 (a) (5).

[2] Toth's notice of appeal states that a "[t]ranscript of evidence and proceedings will not be filed for inclusion in the record on appeal." A transcript of the evidence is necessary to review Toth's claim regarding the denial of his motion to suppress in light of the standard of

means to review Toth's claim of error. Under these circumstances, we must assume as a matter of law that the trial court's decision is correct and affirm.[3] *Pittman*, 286 Ga. App. at 416; *Pollard*, 260 Ga. App. at 541 (1).

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 10, 2010.

Billy Joe Toth, *pro se.*

*Benjamin S. Richardson, Solicitor-General, Suzanne P. Goddard, Assistant Solicitor-General,* for appellee.

---

review. When reviewing a trial court's ruling on a motion to suppress, we must consider all relevant evidence of record, including evidence introduced at the motion hearing and at trial. See *Pittman*, 286 Ga. App. at 416. We will not disturb its findings if there is any evidence to support them. Id. Absent a transcript of the proceedings, we cannot determine whether the decision was authorized. Id. at 417.

[3] The State has filed a motion to dismiss this appeal, alleging that Toth delayed the filing of the transcript in the trial court and failed to serve a copy of his appellate brief in accordance with Court of Appeals Rule 6. In light of our decision affirming Toth's conviction based upon his failure to file a transcript for review of his claim of error, the State's motion to dismiss is denied as moot.