## A11A1699. LUCKEY v. THE STATE.
### (722 SE2d 114)

ANDREWS, Judge.

Jimmie Luckey appeals after a jury found him guilty of DUI per se, DUI less safe, reckless driving, and speeding. Luckey claims that the trial court erred in denying his motion in limine to suppress the results of the Intoxilyzer breath test. After reviewing the record, we conclude there was no error and affirm.

> 1. When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.

*Fowler v. State*, 294 Ga. App. 864, 865 (670 SE2d 448) (2008).

The evidence at the motion to suppress hearing and at trial,[1] was that Luckey was stopped after he drove by an officer at 84 miles per hour in a 55 mile-per-hour zone. While the officer was in pursuit of Luckey, he observed Luckey driving erratically and changing lanes without using a turn signal. The officer said that Luckey had a flushed face, watery, bloodshot eyes, mumbled when he spoke, and had a strong odor of alcohol on his breath. The officer conducted field sobriety tests and determined that Luckey was under the influence of alcohol to the extent that he was a less safe driver and arrested him. After the officer read Luckey the implied consent rights, Luckey consented to an Intoxilyzer breath test, the results of which showed a blood-alcohol concentration of 0.157 grams.

After Luckey was taken to the Atlanta pre-trial facility, he said that he wanted an independent test. The officer asked Luckey where he wanted to go for the test, and Luckey did not respond, stating merely that he did not want the arresting officer to be the one to take him. The officer testified: "I explained to him [that] I would be more than happy to take him wherever he wanted to go, however, I was going to be the transporting officer." Luckey never identified any facility for the blood test, and when told that the arresting officer

---

[1] This Court considers both the transcript of the hearing and the trial transcript when reviewing a motion to suppress. *Pittman v. State*, 286 Ga. App. 415, 416 (650 SE2d 302) (2007).

was the only person available to take him, responded only that he "did not want [the arresting officer] to take him." According to the testimony at trial, the recording of the encounter shows that the arresting officer did try to find someone else to take Luckey to get the blood test but could not find another officer able to do so.

The trial court held that the officer tried to reasonably accommodate Luckey but Luckey remained "steadfast in his position" that he would not go with the arresting officer. This appeal followed.

2. OCGA § 40-6-392 (a) (3) states:

> The person tested may have a physician or a qualified technician, chemist, registered nurse, or other qualified person of his own choosing administer a chemical test or tests in addition to any administered at the direction of a law enforcement officer. The justifiable failure or inability to obtain an additional test shall not preclude the admission of evidence relating to the test or tests taken at the direction of a law enforcement officer[.]

In construing this Code section, this Court has recognized that

> a suspect is entitled to a meaningful opportunity to choose the testing facility. If the suspect's choice is unreasonable, however, a law enforcement officer is justified in refusing to accommodate the request. The trial court must determine whether, under the totality of the circumstances, the suspect's request was reasonable. The factors the trial court may consider in resolving this issue include the following: (1) availability of or access to funds to pay for the requested test; (2) a protracted delay in the giving of the test if the officer complies with the accused's requests; (3) availability of police time and other resources; (4) location of the requested facilities; and (5) opportunity and ability of (the) accused to make arrangements personally for the testing.

*Smith v. State*, 277 Ga. App. 81, 83 (625 SE2d 497) (2005).

In this case, Luckey argues that the officer was not justified in assuming that his refusal to go with the officer and his demand that someone else take him for the test, relieved the officer of the responsibility of accommodating his request for an independent blood test. But, the law is that

> before the duty of the police arises to transport a defendant to the location of the independent test, and before there is a

breach of that duty which may give reason to suppress the evidence of the state administered test, the defendant must first show that he had made arrangements with a qualified person of his own choosing, that the test would be made if he came to the hospital, that he so informed the personnel at the jail where he was under arrest, and that those holding him either refused or failed to take him to the hospital for that purpose.

*Smith*, supra at 83.

In *McDaniel v. State*, 218 Ga. App. 555 (462 SE2d 446) (1995), the defendant contended that the results of her state-administered test must be suppressed because the officer did not ask her where and by whom she wished the elective test performed. This Court held that "[e]ven if the evidence showed the officer did not ask such a question, it was not required. The officer advised McDaniel of her right to an independent test by a person of her own choosing, as OCGA § 40-6-392 (a) (3) required him to do." Id.

Likewise, in *Crawford v. City of Forest Park*, 215 Ga. App. 234, 236 (450 SE2d 237) (1994), this Court held that although

the officer must not prevent a defendant from exercising his right to an independent test, it is not his duty to ensure the performance of such a test. . . . In this case, [the officer] made reasonable efforts to accommodate defendant's request for an independent test, but defendant changed his mind about having it. Accordingly, the test results were admissible, and the trial court did not err in denying defendant's motion to suppress.

See also *Morgan v. State*, 212 Ga. App. 394, 396-397 (442 SE2d 257) (1994) ("It is the responsibility of the arrestee, not the officer, to designate the specifics of (any) independent testing and the officer must be apprised by the arrestee of those specifics before the officer has a duty to facilitate the arrestee's election.") (punctuation omitted).

Here, contrary to Luckey's assertion, the officer never refused to accommodate Luckey's request for an independent test. The evidence is undisputed that the officer was willing to take Luckey for an independent blood test at the place of Luckey's choosing. Therefore, under the totality of the circumstances, we conclude that the trial court did not err in finding that the officer's failure to assist Luckey in obtaining a breath test was justified. Thus, the trial court did not err in denying Luckey's motion to suppress on this basis. See *Fowler*, supra at 867.

3. Luckey also argues that, for purposes of sentencing, the offense of speeding merged into that of reckless driving. He contends that the speeding offense is included in the reckless driving offense as a matter of fact because the jury found him not guilty on the lane change violations; therefore, the only evidence to support the reckless driving charge was the speeding violation.[2] The State concedes that the two offenses should have been merged for sentencing, and we agree. Accordingly, Luckey's sentence for speeding is vacated, and this case is remanded to the trial court for re-sentencing.

*Judgment affirmed, sentence vacated, and case remanded. Phipps, P. J., and McFadden, J., concur.*

DECIDED JANUARY 11, 2012.

*Cynthia S. Griffin*, for appellant.
*Carmen D. Smith, Solicitor-General, R. Leon Benham, Assistant Solicitor-General*, for appellee.

---

[2] A crime is "included in" the other where "(i)t is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of (the other crime)." *Drinkard v. Walker*, 281 Ga. 211, 213 (636 SE2d 530) (2006).